[No. 7350. Decided August 6, 1908.]

Mary M. Miller et al., Appellants, v. A. G. Henderson et al., Respondents.[1]

Taxation—Enforcement—Foreclosure of General Delinquency Certificate—Filing Certificate—Necessity. The failure to file delinquent tax certificates with the clerk of the court, prior to the commencement of a general county tax foreclosure, as required by Laws 1901, p. 385, § 3, does not deprive the court of jurisdiction, as the same is a regulation which affects no substantial right constituting due process of law; and since the proceeding is not in every sense a special statutory proceeding that needs to have been strictly followed on collateral attack.

Appeal from a judgment of the superior court for Lewis county, Rice, J., entered January 9, 1908, upon sustaining a demurrer to the complaint, dismissing an action for the possession of real property and to quiet title. Affirmed.

Blaine, Tucker & Hyland and James B. Kinne, for appellants.

Millett & Harmon and Hayden & Langhorne, for respondents.

Fullerton, J.—This is an action brought by the appellants against the respondents to recover possession and

[1] Reported in 96 Pac. 1052.

quiet title to real property. The property in question is situated in Lewis county and subject to taxation therein. The taxes levied against the property for the year 1895 and prior years had been left unpaid by the then owners, and being delinquent, the county in 1901 began proceedings to foreclose the tax lien. To that end the county treasurer issued to the county certificates of delinquency on the property, and gave the notice required by statute summoning the delinquents to appear and defend the action or pay the amount due. Default having been made, judgment of foreclosure was entered on December 18, 1901. On January 31, 1902, the certificates were filed with the county clerk, and thereafter the property was sold under the judgment of foreclosure to the respondents for the amount of the taxes then due thereon.

The appellants, in their complaint, set forth the foreclosure proceedings had by the county, and averred that the judgment entered therein, and the title of the respondents based thereon, were void and of no effect, for the reason that the certificates of delinquency on which the proceedings were based were not filed with the clerk of the court at or before the time the county treasurer proceeded to foreclose the tax lien embraced in the certificates. A demurrer was interposed to the complaint, which the trial court sustained. The appellants elected to stand on the complaint, whereupon judgment of dismissal with costs was entered against them. This appeal is from the judgment so entered.

The section of the statute relied upon by the appellants to avoid the foreclosure proceedings reads as follows:

"After the expiration of five years from the date of delinquency, when any property remains on the tax rolls for which no certificate of delinquency has been issued, the county treasurer shall proceed to issue certificates of delinquency on said property to the county, and shall file said certificates when completed with the clerk of the court, and the treasurer shall thereupon, with such legal assistance as the county commissioners shall provide in counties having a population of thirty thousand or more, and with the assistance of the county

prosecuting attorney in counties having a population of less than thirty thousand, proceed to foreclose in the name of the county, the tax liens embraced in such certificates, and the same proceedings shall be had as when held by an individual: *Provided,* That summons may be served or notice given exclusively by publication in one general notice, describing the property as the same is described on the tax rolls. Said certificates of delinquency issued to the county may be issued in one general certificate in book form including all property, and the proceedings to foreclose the liens against said property may be brought in one action and all persons interested in any of the property involved in said proceedings may be made codefendants in said action, and if unknown may be therein named as unknown owners, and the publication of such notice shall be sufficient service thereof on all persons interested in the property described therein." Laws of 1901, p. 385, § 3.

The appellants argue that as the proceedings for the foreclosure of tax liens are special and statutory, and not according to the course of the common law, they must be construed strictly, and hence any failure on the part of the tax collectors to take the steps provided by the statute in the order in which they are therein provided must result fatally to any proceeding where the final result is to deprive a citizen of his property. Unquestionably this is in accord with the great weight of judicial authority; in fact, so uniform and so strict has been the application of the rule in most jurisdictions that the very term "tax title" has become a synonym for worthlessness. But this court has not followed this rule in all of its strictness. It has seemed to us that the levy and collection of taxes is not a special proceeding in all of its aspects. Certainly the power to do so is something more than a mere statutory right. The power lies at the very foundation of government itself. It is a power that must be exercised in one form or another else the government will cease to exist for want of means to sustain itself. Hence, we have felt that statutory provisions relating to taxation were rather regulations upon the power than the source from which the power

is derived; and being regulations, that they were to be regarded by the court as regulations are usually regarded when the proceedings had under them are attacked collaterally; that is to say, departures from the strict rule prescribed are to be regarded as fatal only where the departure affects some substantial right of the complaining party—where he is denied some substantial right which would have been granted him had the regulation been pursued according to its terms—but to deny relief where the departure complained of does not affect the complaining party either one way or the other. In the present case the delinquency thought to be fatal is of the latter sort. This omission to file the certificate of delinquency in the office of the county clerk prior to the issuance and service of the summons could in no manner affect the rights of the appellants. Nor was the thing itself in any way necessary to constitute due process of law, as the proceeding prescribed by the statute would have been as valid and obligatory without this requirement as with it. It being therefore neither essential to the rights of the landowners nor to the legality of the statute, we think the omission of the clerk to comply with it at the time contemplated by the framers of the act did not so far deprive the court of jurisdiction as to require us to hold the sale invalid.

We conclude therefore that the judgment of the trial court is right and should be affirmed. It is so ordered.

HADLEY, C. J., CROW, and MOUNT, JJ., concur.