[No. 24191. Department Two. December 28, 1932.]

E. A. COLBY *et al., Respondents,* v. FRANK HIMES *et al., Appellants.*[1]

*John C. Graham,* for appellants.

*Geo. D. Abel* and *A. P. Wilson,* for respondents.

BEALS, J.—Plaintiffs, during the year 1924, by written contract, agreed to purchase from Lloyd A. Williams two lots in the city of Elma, which were then subject to a mortgage in favor of Aberdeen Savings & Loan Association, plaintiffs taking possession of the property. From 1925 to 1930, plaintiffs resided in the state of Oregon, and the Bank of Elma collected for them the accruing rent, paying for necessary repairs and insurance and applying the balance on the mortgage, which, by March, 1930, was paid in full and satisfied of record. Prior to this time, plaintiffs had

[1] Reported in 17 P. (2d) 606.

paid Mr. Williams all sums due him on account of the purchase price of the property and received their deed therefor, which they failed to record until after the property was sold for taxes, as hereinafter set forth.

June 1, 1930, a certificate of delinquency was issued to Grays Harbor county by the treasurer thereof, covering general taxes which were delinquent for five years. Thereafter, the county instituted a general tax foreclosure, including therein plaintiffs' property, in which proceeding judgment was entered and the real estate in question, with other property, sold by order of the court at the general tax foreclosure sale November 8, 1930. In the foreclosure proceeding, the property was listed under the name of Lloyd A. Williams, the record owner of the property. Defendants bid in the property at the foreclosure sale, paying therefor approximately $180. Upon the discovery by plaintiffs of the fact that their property had been sold for taxes, they filed their deed for record and instituted this action for the purpose of vacating the tax deed from the county to defendants and quieting their title to the land as against the defendants. From a judgment in favor of plaintiffs, defendants appeal.

The case is here upon the findings of fact, conclusions of law and judgment, and the assignments of error may all be discussed in considering the question of whether or not the judgment is supported by the facts found.

Respondents argue that the tax foreclosure proceeding is defective, and that the court, because of such defects, failed to acquire jurisdiction to foreclose the lien of the taxes against respondents' property, and that the tax deed is consequently void.

Section 117, chapter 130, Laws 1925, Ex. Ses., p. 303 (Rem. 1927 Sup., § 11097-117), reads as follows:

"After the expiration of five years from the date of delinquency, when any property remains on the tax-rolls for which no certificate of delinquency has been issued, the county treasurer shall proceed to issue certificates of delinquency on said property to the county, and shall file said certificates when completed with the clerk of the court, and the treasurer shall thereupon, with such legal assistance as the county commissioners shall provide in counties having a population of thirty thousand or more, and with the assistance of the county prosecuting attorney in counties having a population of less than thirty thousand, proceed to foreclose in the name of the county, the tax liens embraced in such certificates, and the same proceedings shall be had as when held by an individual: *Provided,* That notice and summons may be served or notice given exclusively by publication in one general notice, describing the property as the same is described on the tax-rolls. It shall be the duty of the county treasurer to mail a copy of the published summons, within fifteen (15) days after the first publication thereof, to the treasurer of each city or town within which any property involved in a tax foreclosure is situated, but the treasurer's failure to do so shall not affect the jurisdiction of the court nor the priority of any tax sought to be foreclosed. Said certificates of delinquency issued to the county may be issued in one general certificate in book form including all property, and the proceedings to foreclose the liens against said property may be brought in one action and all persons interested in any of the property involved in said proceedings may be made co-defendants in said action, and if unknown may be therein named as unknown owners, and the publication of such notice shall be sufficient service thereof on all persons interested in the property described therein. The person or persons whose name or names appear on the treasurer's rolls as the owner or owners of said property shall be considered and treated as the owner or owners of said property for the purpose of this section, and if upon said treasurer's rolls it appears that the owner or owners of said property are unknown, then said property shall be proceeded against, as belonging to

an unknown owner or owners, as the case may be, and all persons owning or claiming to own, or having or claiming to have an interest therein, are hereby required to take notice of said proceedings and of any and all steps thereunder. The publication of the notice and summons required by this section shall be made by the county treasurer in the official newspaper of the county: *Provided,* The price charged by any such newspaper for such publication, for the whole number of issues, shall not exceed in any case the price stated in the contract of the county with such newspaper for county printing, and that, if such publication cannot be made in said newspaper at said price, the county treasurer may cause such publication to be made in any other newspaper printed, published and of general circulation in the county, at a cost for the whole number of issues not to exceed in any case the maximum rate for county printing fixed by contract for such year.''

Respondents argue that the notice published fails to comply with the foregoing section in certain vital particulars: First, that the notice states that Grays Harbor county

''. . . is the owner and holder of certificate of delinquency No. 5623, issued on the 1st day of June, A. D. 1930, by the county of Grays Harbor, state of Washington,''

whereas the notice should have stated that the certificate had been issued by the county *treasurer* of the county.

Respondents next contend that the notice is defective, in that the statement therein contained, after setting forth the fact of the delinquency of certain taxes

''. . . upon the real property assessed to you and each of you, and of which you are the owners or reputed owners, as shown by the description immediately following your name below set forth,''

fails to state that the names of the persons, as stated in the notice in connection with the respective property descriptions, were the names of the persons who appeared on the treasurer's rolls as owners of the respective parcels of real estate therein described; and that the portion of the notice which reads as follows:

". . . as shown by the description immediately following your name below set forth, situated in Grays Harbor county, state of Washington, and particularly described and bounded as follows,"

does not comply with the statutory requirements.

Respondents also argue that the notice fails to follow the statute and require all persons owning or claiming to own the property therein described, or having or claiming to have an interest therein, to take notice of the proceeding and of any and all steps thereunder, and that the notice should also state "that judgment will be rendered foreclosing the lien of such taxes and costs against the land."

It is, of course, the law that, where no jurisdiction is acquired over the subject matter of an action or the person against whom the judgment rendered operates, any judgment rendered is void. In the case of *Thompson v. Robbins,* 32 Wash. 149, 72 Pac. 1043, this court held that a published summons, varying from the form prescribed by statute in that the same required the defendant "to appear within sixty days after the service of this summons upon you" instead of requiring him "to appear within sixty days after the date of the first publication of the summons," was a nullity, and that the court could acquire no jurisdiction because of the publication of such a summons. The cases of *Gould v. White,* 54 Wash. 394, 103 Pac. 460; *Pillsbury v. Beresford,* 58 Wash. 656, 109 Pac. 193; and *Felsinger v. Quinn,* 62 Wash. 183, 113 Pac. 275, are to the same effect.

Appellants cite chapter 130, Laws 1925, Ex. Ses., p. 314, § 127 (Rem. 1927 Sup., § 11097-127), which reads as follows:

"Deeds executed by the county treasurer, as aforesaid, shall be *prima facie* evidence in all controversies and suits in relation to the right of the purchaser, his heirs and assigns, to the real property thereby conveyed of the following facts: First, that the real property conveyed was subject to taxation at the time the same was assessed, and had been listed and assessed in the time and manner required by law; second, that the taxes were not paid at any time before the issuance of deed; third, that the real property conveyed had not been redeemed from the sale at the date of the deed; fourth, that the real property was sold for taxes, interest and costs, as stated in the deed; fifth, that the grantee in the deed was the purchaser, or assignee of the purchaser; sixth, that the sale was conducted in the manner required by law. And any judgment for the deed to real property sold for delinquent taxes rendered after the passage of this act, except as otherwise provided in this section, shall estop all parties from raising any objections thereto, or to a tax title based thereon, which existed at or before the rendition of such judgment, and could have been presented as a defense to the application for such judgment in the court wherein the same was rendered, and as to all such questions the judgment itself shall be conclusive evidence of its regularity and validity in all collateral proceedings, except in cases where the tax has been paid, or the real property was not liable to the tax."

It is, of course, an important principle of law that the legal machinery set up by the legislature for the collection of taxes due the state is favored by the courts as in aid of the most important governmental function, that of raising revenue necessary to maintain and carry on the government. In the case of *Washington Timber & Loan Co. v. Smith*, 34 Wash. 625, 76 Pac. 267, this court held that a procedure looking to the foreclosure of a general tax lien was a proceeding *in rem*,

and that the owners of property affected thereby were required to take notice of the tax foreclosure procedure, although the notice was only by publication, and that, if the owner did not appear within the required time, he is estopped by the judgment from raising any question as to its regularity, assuming, of course, that the court has acquired jurisdiction. In the case cited, a tax foreclosure proceeding, although containing several irregularities, was upheld as valid.

In the case of *Miller v. Henderson,* 50 Wash. 200, 96 Pac. 1052, it was held that the failure to file the delinquent tax certificates in the office of the clerk of the superior court prior to the commencement of the general county tax foreclosure did not prevent the court from acquiring jurisdiction.

In the recent case of *Reese v. Thurston County,* 154 Wash. 617, 283 Pac. 170, this court again held that a general tax foreclosure proceeding by a county is a proceeding *in rem,* and that citizens are bound to take notice of tax delinquencies, with the result that certain irregularities in connection with the tax foreclosure will not invalidate the judgment rendered. In this connection, the cases of *Merges v. Adams,* 137 Wash. 208, 242 Pac. 43, and *McGuire v. Bean,* 151 Wash. 474, 276 Pac. 555, are also in point.

In the case at bar, respondents permitted their property to remain in the name of Lloyd A. Williams, and they filed for record no paper giving any notice whatsoever of their interest in the property. They permitted the taxes to remain unpaid for five years, taking no steps to pay the taxes or see that their local agent paid the same.

Taking up the matters which respondents urge as against the foreclosure notice, we, in the first place, hold that the failure of the notice to state that the certificate of delinquency was issued by the county

treasurer and the statement that the same was issued by the county, is not such an irregularity as affords any basis for the attack here waged by respondents upon the judgment and upon the tax deed. The certificate was, in effect, issued by the county through its county treasurer. The omission of the word "treasurer" from the notice could not, of course, operate to the prejudice of respondents, nor could they have been misled thereby. A municipal corporation acts only through its officers and agents, and the statement in the notice that the certificate had been issued by the county, instead of by the county treasurer, amounts to no more than a slight irregularity which, after judgment rendered, becomes entirely immaterial, and affords no basis whatever for such an action as this.

Respondents' contention that they are entitled to relief because the notice fails to follow the exact language of the statute in the particulars above mentioned, in connection with the portion of the notice describing the property and coupling the same with the name of the record owner, is entirely without merit. The variations from the procedure outlined by § 117, *supra* (Rem. 1927 Sup., § 11097-117), amount to minor irregularities only, and are nowise sufficient to permit a holding that respondents can now successfully attack the judgment and the sale held pursuant thereto. Section 117 does not set forth a form of notice and summons; it simply provides what the notice shall contain, and a substantial compliance with the provisions of the section is clearly sufficient. In the particulars referred to, the notice published is sufficient.

It is, of course, true, as contended by counsel, that the judgment in the tax foreclosure case does not import absolute verity, and it is also true that certain of the steps taken to establish jurisdiction may be assailed

after the judgment *(Title & Trust Co. v. Columbia Basin Land Co.,* 136 Wash. 63, 238 Pac. 992), but this principle avails respondents nothing, as their grounds of criticism of the published notice are wholly insufficient to justify the courts in setting aside the tax deed. Careful examination of the notice and summons upon which the judgment of foreclosure in the tax suit was based convinces us that, by the service thereof which was had, the court obtained jurisdiction to proceed with the tax foreclosure proceeding and enter judgment therein.

It is unfortunate that respondents have been deprived of property worth $1,800 because of their failure to pay taxes thereon amounting to about one-tenth of that sum, but their own negligence caused their loss, and our attention is called to no defects in the tax foreclosure proceeding which are of a nature so serious as to affect the jurisdiction of the court to enter the judgment of foreclosure. The following language of this court in the case of *Reese v. Thurston County, supra,* is particularly pertinent:

"It is to be regretted that such irregularities, which could easily be avoided, do occur. However, as we have said in several cases, these are proceedings *in rem* and regulations attending the collection of public revenue. The relation of the citizen to such matters is somewhat different from his relation to ordinary contractual obligations. He must take notice that by law his property is assessed every year; that the tax is due and delinquent at a fixed time, is a lien upon his land and, if not paid, that the lien shall be enforced by foreclosure proceedings and in the manner provided by statute. *Washington Timber & Loan Co. v. Smith, supra* [34 Wash. 625, 76 Pac. 267]; *McGuire v. Bean,* 151 Wash. 474, 276 Pac. 555."

Section 127, chapter 130, Laws 1925, Ex. Ses., p. 314 (Rem. 1927 Sup., § 11097-127), *supra,* clearly in-

dicates the legislative intention to make tax deeds good as against technical or immaterial procedural defects not going to the merits. Such has long been both the legislative and judicial policy in this state.

We hold that the judgment appealed from is not sustained by the findings of fact, and the judgment is accordingly reversed, with instructions to the trial court to dismiss the action.

TOLMAN, C. J., MAIN, and STEINERT, JJ., concur.