Argued January 23; affirmed February 13, 1945

# FREDERICK *v.* DOUGLAS COUNTY ET AL.

(155 P. (2d) 925)

Before BELT, Chief Justice, and ROSSMAN, KELLY, BAILEY, LUSK, BRAND and HAY, Associate Justices.

*H. E. Slattery,* of Eugene, for appellant.

*H. A. Canaday,* District Attorney, pro tem., of Roseburg (J. V. Long, District Attorney, of Roseburg, on the brief), for respondent Douglas County.

*Paul E. Geddes,* of Roseburg (Carl M. Felker, of Roseburg, on the brief), for respondents Zenor.

BRAND, J.

AFFIRMED.

This is a suit to remove the cloud of an alleged void tax sale from the title to real estate claimed by the plaintiff. Demurrers were filed on the ground that it appears from the complaint that the suit was not commenced within the time limited by O. C. L. A., § 110-920. The demurrers were sustained and the plaintiff refusing to plead further, judgment was entered dismissing the suit. The plaintiff appeals.

The allegations of the complaint may be summarized as follows: Ever since March 19, 1927, the plaintiff has been the owner of record of real property located within

the city of Roseburg, Douglas County, Oregon, the description by metes and bounds being set forth;

"* * * on June 15, 1939, the Sheriff of Douglas County, Oregon, filed in the office of the County Clerk of Douglas County, Oregon, a list of all real property in Douglas County, Oregon, then subject to foreclosure for delinquent taxes; and * * * the said foreclosure list contained and contains the following description and statement:

"Ada C. Frederick, M&B Vol 77 Pg 453D & Vol 89 Pg 124D, Bushey's Add. Roseburg; delinquent for tax years 1930, 1934, 1935, 1937, 1938: Sheet No. 384 of Foreclosure List, the amount with interest to June 15, 1939, being $376.30;".

On November 7, 1939, Douglas County, as plaintiff, filed an application for judgment against the various tracts of real estate described in the foreclosure list on account of delinquent taxes. The application contained a "description and statement" which was identical to that contained in the foreclosure list as set forth above. A copy of the notice of the application for judgment as published in the newspaper is set forth as an exhibit attached to, and incorporated in, the complaint. That notice, as published, contained the "description and statement" identical to that which appeared in the foreclosure list and in the application for judgment. A return showing proof of publication was filed on April 26, 1940, and on May 29, 1940, the circuit court rendered a decree of foreclosure. The decree contained the following "description and statement":

"Ada C. Frederick, present owner, M&B Vol 77 Pg 453D & Vol 89 Pg 124D, Bushey's Add. to Roseburg: Foreclosure List: Sheet No. 384, issued to Douglas County, June 15, 1939, amount due, $376.30, with interest thereon at the rate of 8% per annum

from said date, making $26.32 interest, penalty $7.52, total $410.14;''.

On June 2, 1941, the sheriff executed a deed to Douglas County containing the following description:

"Roseburg, Bushey's Add. M&B Vol 77 Pg 453D & Vol 89 Pg 124D;

"* * * on June 16, 1942, the defendant Douglas County, Oregon, by the terms of a written contract in the possession of the defendant county sold to the defendants, Ben Zenor and Nannie Zenor, the following described real estate: M&B Vol 77 Pg 453D & Vol 89 Pg 124D for the agreed price of $600.00, of which the sum of $200.00 was paid to the said county by the said Zenors; and * * * on account of said contract the defendant county placed the defendants Zenor into the possession of the real estate described within paragraph 1 above, and * * * on account of the said contract the defendants Zenor went into the possession of the real estate described within paragraph 1 above;''.

(The description contained in "paragraph 1 above" is the metes and bounds description of the real property which was owned by the plaintiff.)

The complaint continues with a specification of the particulars in which the plaintiff claims that the proceedings were defective and void. They will be discussed in the course of the opinion.

The plaintiffs have joined as parties defendant, Douglas County and the defendants Zenor, the alleged purchasers from the county. The prayer of the complaint is for a decree cancelling the deed to the county and the contract with the defendants Zenor, removing the cloud from the plaintiff's title and placing the plaintiff in possession of the property. The suit was

filed on September 7, 1943, which is more than two years after the date of the judgment and decree of foreclosure and sale to Douglas County.

BRAND, J.

The statute provides:

"* * * Every action, suit or proceeding, of whatever kind or nature, which may be commenced for the purpose of determining the validity of a sale of real property on foreclosure for delinquent taxes, or to quiet title against such sale, or to remove the cloud thereof, or to recover possession of the property, shall be commenced within two years from the date of the judgment and decree of foreclosure and sale to the county, and not otherwise. * * *" O. C. L. A. § 110-920.

■ As stated in plaintiff's brief, the only question involved in this suit is whether or not the notice and summons as published was sufficient to give the court jurisdiction. It is conceded that if the notice was sufficient, the order of the court sustaining the demurrers should be affirmed. If the court acquired jurisdiction, the two-year period of limitation would begin to run from date of the judgment. If, on the other hand, by reason of the insufficiency of the notice and summons the court did not acquire jurisdiction, the judgment would be void and the defendants would not be entitled to avail themselves of the two-year statute of limitations. *Elliott v. Clements,* 175 Or. 44, 149 P. (2d) 985, 151 P. (2d) 739. The complaint does not show any actual possession of the real property by the defendants for as much as two years.

The plaintiff contends, first, that the proceedings are void because of failure to comply with the following statutory provisions. The statute provides that the

tax collector shall, at a time specified, prepare a list of all real properties then subject to foreclosure.

> "* * * Such list shall be known as the 'foreclosure list' and shall contain the names of the several persons appearing in the latest tax roll as the respective owners of tax-delinquent properties, a description of each such property as the same appears in said latest tax roll, the year or years for which taxes are delinquent on each property, together with the principal amount of the delinquent taxes of each year and the amount of accrued and accruing interest thereon to the day six months after the day of delinquency of taxes of the latest year. * * *" O. C. L. A. § 110-902.

The next section provides that at a time specified the tax collector "shall institute proceedings to foreclose the liens for all the delinquent taxes against each of the several properties included in such foreclosure list." O. C. L. A., § 110-903.

The statute further provides that

> "Notice of each foreclosure proceeding, except as otherwise provided herein, shall be given exclusively by four weekly *publications of said foreclosure list * * *.* All persons owning or claiming to own, or having or claiming to have, any interest in any property included in the foreclosure list are required to take notice of such proceeding and of any and all steps thereunder * * *." (Italics ours.) O. C. L. A. § 110-904.

Reference to the complaint will disclose that the foreclosure list in the case of Ada C. Frederick referred to delinquency "for tax years 1930, 1934, 1935, 1937, 1938 * * * the amount with interest to June 15, 1939 being $376.30" and that the quoted portion appears in the same form in the application for judg-

ment and in the published notice. The plaintiff's contention is that the tax collector failed to comply with the statute because the amount of delinquency for the five years specified was stated only in a lump sum whereas the statute requires that the foreclosure list "shall contain" the "year or years for which taxes are delinquent on each property, together with the principal amount of the delinquent taxes of each year and the amount of accrued and accruing interest thereon * * *." Since the statement in the foreclosure list was exactly reproduced in the published notice and summons, which is a jurisdictional step in the procedure, it is claimed that the ensuing judgment was void.

The statute provides:

"At any time prior to judgment and decree any parcel of real property may be removed from the foreclosure proceeding by payments such as would have prevented inclusion of the property in the foreclosure list, plus any additional interest or penalty accrued * * *." O. C. L. A. § 110-910.

■ Relying upon the foregoing provisions, the plaintiff contends that since she had the right to cause the removal of her property from the foreclosure proceedings by payment of such of the earliest delinquencies "as would have prevented the inclusion of the property in the foreclosure list," she was prejudiced by the failure of the county officials to separately state the principal amount of the delinquent taxes for each year. But every taxpayer is charged with notice of the law which entitles him to cause the removal of the property from the foreclosure proceeding by such partial payment and there is no statute which requires notice by publication or otherwise to be given to the

taxpayer concerning his rights under that statute. If the plaintiff had desired to avail herself of the right given under O. C. L. A. § 110-910 by paying a part of the taxes, she could have ascertained the amount necessary to be paid by applying to the tax collector. If the foreclosure list showed only a lump sum due, nevertheless the tax rolls would have shown for each separate year the amount necessary to be paid in order to cause the removal of the property from the foreclosure proceedings.

A somewhat similar situation was presented in *Guthrie v. Haun,* 159 Or. 50, 76 P. (2d) 292. In that case a single assessment and levy was made against a parcel of land which contained two contiguous lots. The court said:

> "* * * The assessor, in placing a valuation in the aggregate on the lots in block A and those in block B did not injure the owner as, under the above section of the statute, he had the right, upon application to the assessor, to be apprised of the valuation of any lot in the event he desired to pay the taxes on the same." *Guthrie v. Haun,* supra (159 Or. 50, 54).

■ The plaintiff was not prejudiced as to the exercise of any of her rights under O. C. L. A. § 110-910 by the failure to separately state the annual delinquencies.

It is frequently stated in general terms that all the steps prescribed by statute in connection with the assessment and sale of lands for taxes must be taken. Whatever may have been the rule when taxes were foreclosed by summary notice and sale without recourse to court procedure, it is certainly not true under the present system that all statutory steps are jurisdictional.

■ This court has already held that three of the provisions of the statute with which we are concerned are not jurisdictional, but are in fact only directory, namely, (1) the requirement (O. C. L. A. § 110-902) as to the time within which the foreclosure list shall be prepared; (2) the requirement (O C. L. A. § 110-903) that the foreclosure proceedings shall be instituted "on the day which is six months after the day of delinquency of taxes of the latest year"; (3) the provision (O. C. L. A. § 110-902) that all real property then subject to foreclosure shall be included in the foreclosure list. As to these provisions of the statute, we said:

"* * * We think that the provisions were 'designed to secure order, system and dispatch in proceeding', and, while the legislature undoubtedly intended that public officers should obey them, otherwise they would not have been enacted, it was not the intention, we think, to stamp them with the character of essential acts, the failure to perform which at the exact times prescribed would vitiate everything that might thereafter be done." *Childs v. Marion County,* 163 Or. 411, 415, 97 P. (2d) 955.

■ In reaching a conclusion as to what statutory provisions are jurisdictional, a distinction may be made between procedures which are required both by statute and also by the due process clause of the constitution on the one hand, and procedures required by statute alone, over and beyond anything rendered necessary by the constitution, on the other. *Ensign v. Barse,* 107 N. Y. 329, 14 N. E. 400, 15 N. E. 401. Those requirements of statute which are essential to due process are, of course, jurisdictional and we think that statutory requirements over and beyond the bare necessities of

due process may also be jurisdictional, but only if it is the legislative intent to make them so.

Speaking of the power to tax, the Washington court has said:

"* * * It is a power that must be exercised in one form or another, else the government will cease to exist for want of means to sustain itself. Hence we have felt that statutory provisions relating to taxation were rather regulations upon the power, than the source from which the power is derived, and, being regulations, that they were to be regarded by the courts as regulations are usually regarded when the proceedings had under them are attacked collaterally; that is to say, departures from the strict rule prescribed are to be regarded as fatal only where the departure affects some substantial right of the complaining party—where he is denied some substantial right which would have been granted him had the regulation been pursued according to its terms—but to deny relief where the departure complained of does not affect the complaining party either one way or the other. In the present case the delinquency thought to be fatal is of the latter sort. The omission to file the certificate of delinquency in the office of the county clerk prior to the issuance and service of the summons could in no manner affect the rights of the appellants. Nor was the thing itself in any way necessary to constitute due process of law, as the proceeding prescribed by the statute would have been as valid and obligatory without this requirement as with it. It being therefore neither essential to the rights of the landowners nor to the legality of the statute, we think the omission of the clerk to comply with it at the time contemplated by the framers of the act did not so far deprive the court of jurisdiction as to require us to hold the sale invalid." *Miller v. Henderson*, 50 Wash. 200, 96 P. 1052, 1053.

■ In proceedings *in rem* there are two essential requirements. The first is that the *res* must be put under control by seizure or some equivalent act such as attachment, institution of a suit in equity, or proceedings to foreclose tax liens. *Pennoyer v. Neff*, 95 U. S. 714, 24 L. Ed. 565; *Baillie v. Columbia Gold Mining Co.*, 86 Or. 1, 166 P. 965, 167 P. 1167; *Willamette Real Estate Co. v. Hendrix*, 28 Or. 485, 42 P. 514, 52 Am. St. Rep. 800; 21 C. J. S., Courts, § 84, p. 126.

■■ By constructive seizure of the property within its territorial jurisdiction the court exerts its power to subject the property seized to judgment. The remaining requirement under the due process clause is that of notice to the owner. *Castillo v. McConnico*, 168 U. S. 674, 42 L. Ed. 622, 18 S. Ct. 229; 61 C. J., Taxation, § 1558, p. 1147.

" * * * Due process of law is satisfied if the notice given is sufficient to make it reasonably probable that the party proceeded against would be apprised of what is going on and given an opportunity to defend * * *." 16 C. J. S., Constitutional Law, § 619, p. 1259.

It is clear that the fundamental requisites of jurisdiction as imposed by constitutional mandate were present in the case at bar. No question is raised as to the time or manner of publication or the time within which the delinquent taxpayer was notified to appear. She was informed as to each of the years in which taxes were delinquent and as to the total amount of taxes and interest for which a lien was claimed. There is no constitutional requirement which made necessary the statutory provision that the delinquent list should separately state the amount of delinquency for each several year. The published notice which served as

a summons by informing the taxpayer of the total amount of delinquency and of the specific years in which the delinquency occurred, gave to him full warning as to "what was going on" and notified him when he must appear and defend. The only question is whether there is a want of jurisdiction by reason of the failure to comply with a provision which could have been omitted from the statute without depriving the taxpayer of any constitutional right under the due process clause.

In 4 Cooley, Taxation, 4th Ed., § 1590, it is said:

"What is to be deemed a want of jurisdiction may in some cases be a question of no little nicety * * *." (p. 3128)

"If the thing wanting in such proceedings, or which failed to be done, is something the legislature might have dispensed with in the first place, it is not beyond the power of the legislature to dispense with it by subsequent statute. Stated in another way, a curative act 'can only be effectual to do that which the legislature would have been competent to provide for and require to be done by a law prospective in its operation.' Therefore, if any directions of the statute fail of observance, which are not so far of the essence of the thing to be done *that they must be provided for in any statute on the subject, the legislature may retrospectively cure the defect.*" (p. 3132-4)

The author also indicates that the rules which apply to retrospective and prospective curative acts are the same. (p. 3127)

■ It must be conceded that no curative statute, nor provision for estoppel can retroactively legislate jurisdiction into a void judgment. *Matthews v. Morrison,* 195 Wash. 288, 80 P. (2d) 856. The question of juris-

diction must first be decided before any conclusive effect can be given to the judgment based thereon. While that fact is fully recognized, we should nevertheless survey the entire statutory procedure in seeking to determine what defects are jurisdictional within the legislative intent. Our statutes provide:

" * * * and no error or informality on the part of any officer in connection with assessment, equalization, levy or collection shall vitiate or in any manner affect the assessment of the property or the taxes thereon. * * *" O. C. L. A. §110-906.

It is also provided that the

" * * * judgment and decree shall estop all persons raising objections thereto, or to the title based thereon, which existed at or before the date of such judgment and decree and could have been presented as an objection or defense to the application for such judgment and decree. * * *" O. C. L. A. §110-920.

Our statute was modeled after that of the state of Washington. *Elliott v. Clement,* 175 Or. 44, 149 P. (2d) 985, 151 P. (2d) 739. Washington Laws, Ex. Sess., 925, § 127, ch. 130, p. 314, contains curative provisions substantially the same as those of O. C. L. A. § 110-920, supra. In a suit to test the validity of tax foreclosure proceedings, it was claimed that the foreclosure and sale was void for want of jurisdiction by reason of irregularities in the published summons. The court recognized "that, where no jurisdiction is acquired over the subject matter of an action * * * any judgment rendered is void," and cited as illustrative of that proposition the case of *Thompson v. Robbins,* 32 Wash. 149, 72 P. 1043, in which the court held the published summons fatally defective because it failed to follow the provisions of the statute as to the time

within which appearance must be made. However, after recognizing the principle of Thompson v. Robbins, the court cited the Washington curative statute on which O. C. L. A. § 110-920 was modeled, and said:

"Section 127, chapter 130, p. 314, Laws Ex. Sess. 1925, supra, clearly indicates the legislative intention to make tax deeds good as against technical or immaterial procedural defects not going to the merits. Such has long been both the legislative and judicial policy in this state." *Colby v. Himes,* 171 Wash. 83, 17 P. (2d) 606, 609.

The case is not to be construed as holding that the curative statute can validate a judgment rendered without jurisdiction, but we think it does recognize that the various curative provisions of the statute may properly be considered as a part of the entire tax foreclosure system in determining what provisions of the statute, even as to publication of summons, are jurisdictional.

In the case at bar, the taxpayer failed to appear and answer, failed to redeem within one year from the date of foreclosure, and failed to bring suit within the two-year statutory period of limitation. Compared with the harsh procedure of earlier days, the modern foreclosure statutes are lenient indeed and the tender solicitude for the technical rights of the taxpayer which was manifested in the earlier judicial decisions is no longer warranted.

The original error was not in the proceedings which were instituted to foreclose the lien under O. C. L. A. § 110-903, nor was it in the notice which was published pursuant to O. C. L. A. § 110-904. The error first appears in the delinquent list for which provision is made in O. C. L. A. § 110-902. Speaking somewhat technically, it may be said that the application for judgment and the published notice conformed exactly to the statutory

requirement, namely, that they should set forth the foreclosure list. The only difficulty lies in the fact that in setting forth the foreclosure list they may be said to have adopted the error of the tax collector in preparing that list.

A similar question was presented in *In re Taxes in Hennepin County v. Baldwin,* 62 Minn. 518, 65 N. W. 80. By the laws of Minnesota for the year 1878, ch. 1, § 70, p. 45, it was provided that the county auditor should file in the office of the clerk a list of the delinquent taxes, "which list shall contain * * * the amount of tax delinquent and penalty for each year opposite such description." Section 72 requires the publication of the list and § 73 provides that upon completion of publication the court shall have acquired jurisdiction. In a proceeding commenced in 1887 to foreclose taxes for the year 1885, and in which taxes for the years 1877, 1878, 1879, 1881 and 1883 were added, the gross sum of the taxes was stated without specifying the amount for any particular year. Ch. 1, § 73 of the Minnesota Laws of 1878, provided as follows:

" * * * And such jurisdiction shall not be in any way affected by any error in making the list filed with the clerk, nor by any error, irregularity or omission in the assessment or levy of the taxes, or in any other proceedings prior to filing the said list, nor by any mistake in copying the list for publication, nor by any mistake in publishing such list, nor by any mistake in the amount of tax in such published list appearing against any piece or parcel of land therein described."

The Minnesota court said:

"The fifth question is as to the effect of stating, in the delinquent tax list filed and published, the amount of the taxes for all the years in one gross sum. If this was an omission or irregularity, it was

not one which affected the jurisdiction of the court. Gen. St. 1894, § 1582. It did not appear that it resulted in any prejudice to Baldwin, or that he did not know, or had not the means of ascertaining, the amount of tax for each year included in the total sum charged against his land. Whether, in view of the provisions of Id. § 1588, the omission, if it was one, would have been available to him as a defense to the application for judgment, we need not consider, because he waived it by not setting forth any such defense or objection in his answer." *In re Taxes in Hennepin County v. Baldwin,* supra (65 N. W. 80, 82).

■ While the provisions of O. C. L. A. § 110-920 are not as explicit as those of the Minnesota statute, we think they do indicate that the incorporation in the published notice of the earlier defect which was contained in the foreclosure list was not such an error as would render the entire proceedings void. The failure to separately state the annual delinquencies constituted an "error or informality" on the part of the tax collector in connection with the collection of the tax (O. C. L. A. § 110-906) and it was certainly an error which could have been presented as an objection or defense to the application for judgment and decree.

The remaining question relates to the sufficiency of the description of the property which appeared in the foreclosure list, the application for judgment, and the published notice and summons. That description was as follows:

"Ada C. Frederick, M&B Vol 77 Pg 453D & Vol 89 Pg 124D. Bushey's Add. Roseburg; delinquent for tax years 1930, 1934, 1935, 1937, 1938: Sheet No. 384 of Foreclosure List, the amount with interest to June 15, 1939, being $376.30;".

The statute makes specific provision concerning the descriptions to be inserted in the assessment roll which later becomes the tax roll under the provisions of O. C. L. A. § 110-804. By reason of the provisions of O. C. L. A. § 110-902, we must presume that the description contained in the foreclosure list and subsequent proceeding was ''as the same appears in the latest tax roll,'' and therefore as the same appeared in the original assessment roll. If the description in the assessment roll satisfied all constitutional and statutory requirements, then we think the same description when copied in subsequent proceedings would also be sufficient. The complaint discloses that the deeds under which the plaintiff held title described her property by metes and bounds. Under the provisions of O. C. L. A. § 110-336, the assessor is required to set down the description of the property in the manner therein specified, ''except where the same is described by metes and bounds.'' Under the provisions of O. C. L. A. § 110-340, it is provided that such property shall be described ''by giving the boundaries thereof, or by reference to a description thereof by book and page of any public record of the county where the same may be found, or in such other manner as to make the description certain.'' It is further provided that:

> ''In all proceedings for the assessment, levy, or collection of taxes, or sale of property, or other proceedings for collection of delinquent taxes, said designation as provided in sections 110-340 and 110-341 hereof shall be a sufficient description, and it shall not be necessary to enter in such proceedings a description of such tract by metes and bounds.'' O. C. L. A. § 110-342.

It is further provided that:

> '' * * * where the name of the true owner, or the owner of record, of any parcel of real property

shall be given, such assessment shall not be held invalid on account of any error or irregularity in the description; provided, such description would be sufficient in a deed of conveyance from the owner; or on account of any description upon which, in a contract to convey, a court of equity would decree a conveyance to be made." O. C. L. A. § 110-335.

 The plaintiff was chargeable with knowledge that the property might be described in the tax proceedings by reference to a description thereof by book and page in the deed records of the county. Assuming that she might not know that "M&B" meant "metes and bounds," we think that "Vol 7 Pg 453D & Vol 89 Pg 124D, Bushey's Add. Roseburg," sufficiently indicates that the assessor was referring to a volume and page of the deed records to land within the designated addition. The test is not whether the description is fully understood by the man on the street, but whether it would be sufficient in a deed of conveyance from the owner or whether a court of equity would decree specific performance of a contract containing such a description.

" * * * when in the description of land contained in a deed reference is made to a public record where an adequate delineation of the realty may be found, resort may be had thereto in order to identify the premises: House v. Jackson, 24 Or. 89 (32 Pac. 1027); Lewis v. Beeman, 46 Or. 311 (80 Pac. 417); St. Dennis v. Harras, 55 Or. 379 (105 Pac. 246, 106 Pac. 789)." *Bagley v. Bloch,* 83 Or. 607, 619, 163 P. 425.

 If a description such as that which appears in the assessment roll and in the subsequent foreclosure proceedings should appear "in a deed of conveyance from the owner," we think extrinsic evidence would be admissible, if necessary, to make certain the meaning of the abbreviations, "Vol," "Pg," and "D" and if those

abbreviations were explained, the full metes and bounds description as contained in the deed records would be available and ''such description would be sufficient.'' O. C. L. A. § 110-335, supra; *Bogard v. Barhan,* 52 Or. 121, 96 P. 673, 132 Am. St. Rep. 676.

We find no jurisdictional defect in the proceedings and hold that the plaintiff's suit is barred by the statute of limitations. The decree of the circuit court is therefore affirmed.