THE PREPARATORY TEMPLE AND HOUSE OF PRAYER FOR ALL PEOPLE, INC., A CORPORATION OF NEW JERSEY, PLAINTIFF, v. JOHN W. SEERY, HELEN M. SEERY, HIS WIFE, ROBERT A. ZIGLER, MARY J. ZIGLER, HIS WIFE, CHARLES D. PRYOR AND BEULAH PRYOR, HIS WIFE, WILLIAM SMALL AND LUCILLE SMALL, EARLIE HOSKINS, RUSSELL COLEMAN AND VENCIE LEE, DEFENDANTS.

Superior Court of New Jersey
Chancery Division

Decided November 25, 1963.

430

*Mr. Clarence Blitz* for the plaintiff.

*Mr. Joseph E. Robertson* for defendants John W. Seery and Helen M. Seery, his wife.

*Mr. John R. Armstrong* for the defendants, Charles D. Pryor, William Small, and Russell Coleman *et ux.* (*Messrs. Kirkman, Mulligan, Bell & Armstrong*, attorneys).

*Mr. Herman J. Finn* for defendant Earlie Hoskins (*Messrs. Finn & Rimm*, attorneys).

WICK, J. S. C.  This proceeding is an action for declaratory judgment wherein plaintiff landowner seeks to set aside an *in rem* tax foreclosure of his property by a township, claiming that the foreclosure was irregular and defective.  The complaint was originally filed in the Law Division on March 23, 1961.  It was not until August 27, 1962 that the cause was transferred to the Chancery Division.

The facts are not in dispute. Virginia Davis, a widow, conveyed to plaintiff by deed dated August 21, 1956, recorded in the office of the Clerk of Atlantic County in Book 1819 of Deeds, page 125, the following lands situate in Egg Harbor Township, Atlantic County, New Jersey: Lots 1 to 12, inclusive; Lots 25, 26, 29 to 34 inclusive; Lots 43 to 47, inclusive; and Lots 67 to 81 inclusive, as shown on the map of Douglas Park, made in April 1913 by Raymond P. Thompson, C.E., filed in the Atlantic County Clerk's Office, No. 912. Thereafter, on August 21, 1957 the Township of Egg Harbor purported to foreclose certain of these lots by an *in rem* tax foreclosure proceeding. Judgment was entered thereon on October 16, 1957 and recorded in the Clerk's Office of Atlantic County on October 21, 1957, in Book 1879, page 116. The lands in question were sold by the Township of Egg Harbor to defendant John M. Seery on December 3, 1957. Seery, in turn, sold various portions of these lands to the defendants Robert A. Zigler and his wife Mary J. Zigler, Charles D. Pryor and his wife Beulah Pryor, William Small and his wife Lucille Small, Earlie Hoskins, Russell Coleman and Vencie Lee.

The plaintiff filed the instant complaint to set aside the *in rem* tax foreclosure on March 23, 1961. It is alleged that the named defendants do not have good title to their lands and that plaintiff's title thereto is superior to that of the defendants for the singular reason that the original complaint filed to institute the *in rem* tax foreclosure action was not verified as required by *R. R.* 4:82–7(a). Plaintiff contends that the lack of a verified complaint infected the *bona fides* of the foreclosure proceeding and is of such a consequence as calls for vacating and setting aside the *in rem* tax foreclosure judgment, thereby destroying the validity of defendants' titles. In all other respects, the foreclosure proceeding appears to have been correct, no other allegation of impropriety being made thereon.

The *In Rem* Tax Foreclosure Act (*N. J. S. A.* 54:5–104.29 *et seq.*) provides that "The Superior Court shall have juris-

diction to give full relief, *in rem,* as prescribed in this act."
*N. J. S. A.* 54:5–104.36. Pursuant to this authority, the
Supreme Court promulgated a rule requiring that an *in rem*
tax foreclosure complaint be verified by the tax collector.
*R. R.* 4:82–7(a).

■■ In the enforcement of statutes and rules, procedural
or clerical errors not affecting the jurisdiction of a court, nor
amounting to a lack of constitutional due process, may not be
the basis for upsetting and declaring invalid an *in rem* tax
foreclosure judgment. In the case of *Lakewood Tp. v. Block
251, Parcel 34,* 48 *N. J. Super.* 581 (*App. Div.* 1958), de-
fendant purchaser of a parcel of land contended that a fore-
closure proceeding should be set aside for the following rea-
sons: (1) the tax sale certificate number was not included in
the tax foreclosure list, as required by *N. J. S. A.* 54:5–
104.35(c); (2) the affidavit of posting of notice failed to
indicate that the notices were posted in three conspicuous
places, as required by *R. R.* 4:82–7(d); (3) the clerk failed
to index the action in the name of the last record owner of the
property, as required by *N. J. S. A.* 54:5–104.44; and (4)
the failure to describe the premises in the final judgment as
the description and identification appearing in the complaint,
as required by *R. R.* 4:82–7(i). The court rejected all of
these contentions, denying defendant's right to redemption
and holding that the enumerated defects were not of such a
character as would provide sufficient ground for vacating and
setting aside the *in rem* tax foreclosure judgment. It was
emphatically noted that the essentials to jurisdiction of the
court are the filing of the complaint and the publication and
posting of notices thereof. Where this has been done, clerical
or nonessential mistakes will not void the proceedings. See
*City of Newark v. Yeskel,* 5 *N. J.* 313 (1950), which upheld
the constitutionality of the *In Rem* Tax Foreclosure Act.

To the same effect is *Paramus v. Block 1527, Lots 1–2.
Assessed to Ridgewood Park Estates,* 42 *N. J. Super.* 369
(*App. Div.* 1956), where a failure to include a precise tax
foreclosure list in a borough's resolution to foreclose certain

tax sale certificates, as required by *N. J. S. A.* 54:5–104.35, was held not error sufficient to vitiate the proceedings.

Admittedly, the narrow issues decided in the two cases previously discussed are not directly on point. However, they are indicative of a judicial disposition towards effectuation of the mandate contained in the *In Rem* Tax Foreclosure Act that it be "liberally construed as remedial legislation to encourage the barring of rights of redemption" *N. J. S. A.* 54:5–104.31.

Whether the failure to verify the complaint is fatal to the proceedings depends on a determination by the court of whether the requirement is imperative or merely directory.

"Decision as to whether a particular regulation ordained by legislation is imperative or directory is reached by a construction of the entire statute and a consideration of the object sought to be accomplished. *When the requirement does not appear to be of the essence of the law, but rather relates to form and manner and is an incident thereof, it is directory.* (Emphasis added) *Sheldon v. Sheldon,* 100 *N. J. Eq.* 24 (*Ch.* 1926) ; *In re Norrell's Estate,* 139 *N. J. Eq.* 550 (*E. & A.* 1947) ; *In re Hardman,* 131 *N. J. L.* 257 (*Sup. Ct.* 1944) ; *Sharrock v. Borough of Keansburg,* 15 *N. J. Super.* 11 (*App. Div.* 1951)." *Paramus v. Block 1527, Lots 1–2. Assessed to Ridgewood Park Estates, supra,* 42 *N. J. Super.,* at 375 (emphasis ours)

The test draws a distinction between procedures required both by statute and by due process on the one hand, and those required by statute over and above anything required by constitutional due process. *Frederick v. Douglas County,* 176 *Or.* 54, 155 *P. 2d* 925, 929 (1945), cited in *Paramus v. Block 1527, Lots 1–2. Assessed to Ridgewood Park Estates, supra.*

██ The purpose of requiring verification of a complaint in an *in rem* tax foreclosure proceeding is to insure the good faith of the tax collector in instituting the suit. By virtue of this requirement, property owners are given, at the very least, a small *quantum* of protection against foreclosure proceedings improvidently commenced. It is a purely procedural direction which is formal but does not go to the essence of the law with regard to requirements for jurisdiction of the courts. The plaintiff has received no lesser day in court, and has not

shown to the satisfaction of the court that he has been in any way prejudiced or harmed by the omission. See *Bickers v. Lacy*, 63 *Tex. Civ. App.* 574, 134 *S. W.* 763 (*Civ. App.* 1911), where it was held that failure to comply with a statute requiring the attorney bringing suit to verify the complaint to recover certain taxes and foreclose a lien therefor was not fatal for the reason that the requirement was directory and hence could be waived.

For the reason that the court has found the requirement of verification to be merely directory and not imperative and jurisdictional in nature, plaintiff cannot attempt a collateral attack upon the judgment of foreclosure. See *Atanasio v. Silverman*, 7 *N. J.* 278 (1951); *Reeves v. Jersey City*, 25 *N. J. Super.* 441, 449–450 (*Law Div.* 1953), affirmed 16 *N. J.* 529 (1954). The proper method of attack, in the facts at bar, is by way of appeal, the time for which has expired. *New Shrewsbury v. Block* 115, *Lot* 4, *Assessed to Hathaway*, 74 *N. J. Super.* 1 (*App. Div.* 1962); *N. J. S. A.* 54:5–104.67; *R. R.* 4:62–2.

Further, the requirement of a verified complaint in an *in rem* tax foreclosure is a rule of court. *R. R.* 4:82–7(a). As such, it may be relaxed or dispensed with whenever substantial justice so requires, the purpose of the rules being to facilitate the business of the court while at the same time advancing the causes of justice. *R. R.* 1:27A.

Plaintiff's motion for summary judgment is denied because the determination above made on the question of law is dispositive thereof. For these same reasons, the complaint fails to state a cause of action upon which relief may be granted; accordingly, the complaint is dismissed.