**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1822-16T2

PRO CAP II, LLC BY ITS
CUSTODIAN U.S. BANK,

    Plaintiff-Respondent,

v.

BLOCK 682, LOT 49, 6 KOOSMAN
DRIVE, MIDDLETOWN, NEW JERSEY,
ASSESSED TO: JOHN S. DENKER,
single,

    Defendant,

and

CLEARVIEW EQUITIES, LLC,

    Appellant.

_____

        Argued March 12, 2018 — Decided June 11, 2018

        Before Judges Accurso and Vernoia.

        On appeal from Superior Court of New Jersey,
        Chancery Division, Monmouth County, Docket
        No. F-001407-16.

        Richard O. Venino, Jr., argued the cause for
        appellant.

Amber J. Monroe argued the cause for
respondent (Gary C. Zeitz, LLC, attorneys;
Amber J. Monroe, on the brief).

PER CURIAM

In this in rem tax foreclosure, Clearview Equities, LLC appeals from a final order denying its motion to redeem plaintiff Pro Cap II, LLC's[1] subsequent tax sale certificate. The Chancery judge found the motion came too late, after Clearview's right of redemption had already been cut off by Pro Cap's judgment in foreclosure, notwithstanding the judgment had yet to be recorded. We agree and affirm.

The facts are undisputed and easily summarized. In December 2012, the tax collector of Middletown sold tax sale certificate 12-00411 on the property at 6 Koosman Drive to US Bank/Cust Tower DBW II. The following December, the tax collector sold tax sale certificate 13-00314 to Pro Cap. In July 2015, DBWII assigned its certificate to Clearview.

Following pre-suit notice, which Clearview admits it received, Pro Cap filed a verified complaint in rem to foreclose its tax lien in January 2016. The following month, the Chancery

---

[1] Pro Cap assigned its certificate to PCII REO LLC in May 2016, and the Chancery judge thereafter granted Pro Cap's motion to substitute PCII as plaintiff in the action. We follow the parties in continuing to refer to Pro Cap as plaintiff in this matter for ease of reference only.

A-1822-16T2

judge granted Pro Cap's motion declaring the property abandoned. When Clearview failed to answer following service of the complaint, Pro Cap entered default against it in June 2016. Final judgment was entered on July 5, 2016. Pro Cap served Clearview with the final judgment on August 17, 2016, and it was recorded nine days later.

On August 22, a representative of Clearview appeared at the tax collector's office attempting to redeem Pro Cap's tax sale certificate, which the tax collector refused in light of the judgment debarring redemption. Clearview subsequently filed a motion contending its request to redeem was timely pursuant to N.J.S.A. 54:5-104.65 because Pro Cap had not yet recorded its judgment.

Judge Del Bueno Cleary denied the motion. Acknowledging that N.J.S.A. 54:5-104.65 provides "the plaintiff shall be seized of an estate in fee simple . . . absolute and free and clear of all liens and encumbrances" upon the recording of a certified copy of the judgment, the judge found it provided Clearview no right to relief. Instead, the judge found N.J.S.A. 54:5-104.64(a) makes clear it is the entry of the judgment that gives

> full and complete relief, in accordance with
> the provisions of [the Tax Lien Law], and in
> accordance with any other statutory

> authority, to bar the right of redemption, and to foreclose all prior or subsequent alienations and descents of the lands and encumbrances thereon, and to adjudge an absolute and indefeasible estate of inheritance in fee simple in the lands therein described, to be vested in the plaintiff.
>
> [N.J.S.A. 54:5-104.64(a).]

Clearview moved for reconsideration and to reopen the judgment under R. 4:50-1(d), rearguing the same points and adding that the judgment was void because the complaint was not verified by the tax collector and no tax foreclosure list had been prepared by the tax collector pursuant to resolution of the Township governing body. The judge denied reconsideration for the same reasons the initial motion was denied, determined the lack of verification by the tax collector was not fatal pursuant to Preparatory Temple and House of Prayer for All People, Inc. v. Seery, 81 N.J. Super. 429 (Ch. Div. 1963), and that plaintiff, obviously not a municipality, was not required to comply with N.J.S.A. 54:5-104.35. Plaintiff appeals, reprising the arguments made to the Chancery court.

Our review of the record convinces us that none of plaintiff's arguments is of sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

N.J.S.A. 54:5-104.64(a) could not be clearer: it is the entry of final judgment, not the recording of that judgment, that gives "full and complete relief" barring "the right of redemption," and "foreclos[ing] all prior or subsequent alienations and descents of the lands and encumbrances thereon" and "adjudg[ing] an absolute and indefeasible estate of inheritance in fee simple in the lands therein described, to be vested in the plaintiff." As Judge Wecker cogently explained in Town of Phillipsburg v. Block 1508, Lot 12, 380 N.J. Super. 159, 165 (App. Div. 2005), "[t]he holder of a prior tax sale certificate has an absolute right of redemption until that right is cut off by a judgment in foreclosure." "N.J.S.A. 54:5-104.64(a) provides that such judgment 'shall give full and complete relief . . . to bar the right of redemption, and to foreclose all prior or subsequent . . . encumbrances' and grant an estate in fee simple to the plaintiff, which is accomplished by recording the judgment[,] N.J.S.A. 54:5-104.65." Id. at 166.

That is precisely what occurred here. Clearview, the holder of a tax sale certificate that pre-dated Pro Cap's certificate, had an absolute right to redeem Pro Cap's certificate until that right was cut off by the July 5, 2016 final judgment. That Pro Cap was required to perfect its estate in fee simple by recording that judgment pursuant to N.J.S.A.

54:5-104.65, does not alter the effect of the judgment as to Clearview.

We agree with Judge Del Bueno Cleary that the alleged procedural defects, improper verification and failure to prepare the Township resolution and tax foreclosure list, have not been found to invalidate an entire in rem proceeding. See Borough of Paramus v. Block 1527, Lots 1-2, etc., 42 N.J. Super. 369, 375 (App. Div. 1956); Preparatory Temple, 81 N.J. Super. at 432-34. Further, it is obvious that the two requirements of which Clearview complains both reflect obligations imposed on municipalities, the only entities permitted to pursue in rem foreclosures prior to the 2015 statutory amendments permitting any person holding a tax lien on abandoned property to institute an in rem tax foreclosure. N.J.S.A. 54:5-86; L. 2015, c. 16.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION