Submitted on briefs April 12, affirmed April 29, 1927.

## HIBERNIA COMMERCIAL & SAVINGS BANK *v.* ALEXANDER C. McARTHUR ET AL.

(255 Pac. 466.)

Taxation—Claimant Could not Question Regularity of Tax Sale to County Without Paying Taxes for Which Land was Sold, Under Statutes (B. & C. Comp., §§ 3134, 3135; Or. L., §§ 4372, 4376).

One intervening in a suit to quiet title could not question the regularity of the sale to county of land for taxes for the years 1892 to 1895, and 1897 to 1900, in absence of a tender of the taxes for which the lands were sold, where it was unquestioned that the property was subject to taxes and that the taxes had not been paid, under Section 3134, B. & C. Comp., as to purchaser's title, and Section 3135 (Laws 1901, p. 73, § 5), requiring claimant to pay into court with his first pleading the taxes for which land was sold, and Section 4376, Or. L., requiring proceeding within three years, and Section 4372, providing that irregularities shall not invalidate.

---

Taxation, 37 Cyc., p. 1450, n. 2, p. 1491, n. 97, p. 1496, n. 29, p. 1504, n. 85.

From Multnomah: C. M. THOMAS, Judge.

In Banc.

Plaintiff brought this suit against the defendants for the purpose of quieting title to lots 1, 2, 3 and 4, Block 2, Burfield Addition, Multnomah County, Oregon. A decree was rendered in favor of plaintiff and Alice C. Borthwick, intervener, and defendant appealed.                                    AFFIRMED.

For appellant there was a brief over the names of *Mr. Charles E. Lenon* and *Mr. Clinton A. Ambrose.*

For respondent there was a brief over the name of *Mr. W. B. Shively.*

BEAN, J.—The complaint contains the usual allegations, among which is that the plaintiff is now, and it and its predecessors in interest have been, the owners in fee and in the open and notorious, continuous and adverse possession of said lots for more than ten years prior to date. The defense attempted to be made by Alice C. Borthwick, intervener, was an attack upon the title held by plaintiff, for the reason the same is based upon a tax sale by Multnomah County made in 1904 to one Aloys Harold, of the property theretofore sold to Multnomah County for delinquent taxes for the years 1892, 1893, 1894, 1895, 1897, 1898, 1899 and 1900, and it is claimed that the proceedings leading up to the sale are void, on account of several irregularities in the assessment of the property and the sale thereof, among which is that the assessor of said county did not give three weeks' notice, as required by law, of the meeting of the board of equalization of said county for the year

1892. Similar allegations were made in regard to the taxes for each of years mentioned. The allegations of the answer were put in issue by a reply.

It appears from the record that the property was purchased by Multnomah County at said tax sale proceedings, and that subsequently the county executed a deed to Aloys Harold through whom the title subsequently passed by mesne conveyance to the plaintiff. All taxes on the property after 1892 were paid by the plaintiff and its predecessor.

It was stipulated at the trial that Alexander C. McArthur was the owner in fee simple of the premises at the time of assessments upon which the sale was made. After the suit was commenced Alice C. Borthwick, intervener, obtained a quitclaim deed reciting that Alexander C. McArthur died on July 18, 1901, leaving certain heirs at law and a widow. The deed purports to quitclaim only the right, title, and interest of the widow, the recited heirs and their respective spouses to the intervener Borthwick. It was also stipulated that the real estate was unoccupied and vacant during the time mentioned.

The plaintiff asserts that the intervener is not in a position to say that the sheriff's deed is void.

Under the provisions of Section 3134, Bellinger & Cotton's Code, then in force, a tax deed vests in the purchaser the title superior to the claims of all persons except the true owner. It is unquestioned that the real property involved was subject to taxes by Multnomah County under the statute for the years for which the taxes were levied and for which the sale was made and that the same have not been paid. Under the Statute of 1901, page 73, Section 5, which was Section 3135, Bellinger & Cotton's Code:

. "All sales of land for taxes heretofore or hereafter made to counties, or other public corporations, are hereby declared legal and valid, and they shall pass good title to the lands assessed notwithstanding: (1) any indefiniteness or imperfection in the description of such lands on the assessment-roll: Provided, that the person assessed shall, at the time of the assessment, have been the owner of record of a parcel of property to which such description shall have been applicable, and of only one such parcel; or * * " (here follows an enumeration of omissions and mistakes in the assessment).

"And in any action, suit, or proceeding brought to set aside any sale of lands to counties or other public corporations for taxes, or to quiet title against the same, or remove the cloud thereof, or to recover the lands sold, before or after the issuance of a deed, the person claiming to be the owner as against the purchaser shall tender and pay into court, with his first pleading, the amount of the taxes and costs for which the lands were sold, together with ten per cent per annum thereon from the date of the sale till the bringing of the suit, and all taxes or assessments paid by the purchaser since the sale, with interest thereon at ten per centum per annum. Nor shall any such action, suit, or proceeding be brought unless within two years from the date of record of the deed by the sheriff."

A similar provision is contained in Section 4376, Or. L. That section also provides that every proceeding commenced for the purpose of determining the validity of a sale of land for taxes, or to recover the possession of lands so sold, shall be commenced within three years from the date of the sale for taxes by the sheriff and not otherwise, except in cases where the assessment and taxes for which the land was sold had been paid before the sale, or the land

redeemed after the sale, or the lands were not sub-ject to taxes at the time the same were assessed.

Section 4372, Or. L., provides as follows:

"All sales of land for taxes heretofore or hereafter made to counties or other public corporations are hereby declared legal and valid, and they shall pass good title to the lands assessed. No proceedings sub-sequent to a judgment or decree foreclosing a tax lien or liens shall be invalidated and no tax deed declared void or set aside for irregularities, omissions or de-fects except where the record owner of the land sold shall have been actually misled by such irregularities, omissions or defects to his injury."

There was no allegation, intimation or proof in this case that the intervener Borthwick, who claims to be the owner of the lots, or anyone, has tendered or paid any of the taxes for which the lands in question were sold. Therefore, under the statutes to which we have referred the intervener is not in a position to question the regularity of the sale of the land for taxes, and we refrain from considering the various allegations of the intervener in regard thereto.

The plaintiff further contends that before the inter-vener Borthwick can be heard to say that this sheriff's deed is void she must show that she has some title to the land. Citing 26 R. C. L., p. 446, § 402, and 37 Cyc. 1491.

As we view the case it is not necessary to consider this point. According to the plain provisions of the statute, the decree of the Circuit Court is affirmed.

AFFIRMED.