Argued May 3; affirmed June 2, 1948

KANEASTER *v.* WELCH JR. ET AL.

194 P. (2d) 410

*Harold Banta* argued the cause for appellant. On the brief were Hallock, Donald, Banta & Silven, of Baker.

*A. S. Cooley,* of Pendleton, argued the cause and filed a brief for respondents.

Before ROSSMAN, Chief Justice, and LUSK, BELT, BAILEY and BRAND, Justices.

BAILEY, J.

In his reply brief plaintiff, Ralph Kaneaster, correctly states that the "controlling question presented for determination is whether possession taken under a tax deed, valid on its face, but void because of jurisdictional defects in the underlying proceedings, starts the short tax limitation statute running."

Plaintiff claims to be the owner of the timber on the northeast quarter of Section 14 in Township 12 South of Range 30 East of the Willamette Meridian in Grant County, Oregon, by virtue of a purported tax deed. This tract of land, together with many others, was included in the general tax foreclosure proceeding, entitled "*Grant County v. Edna Arnold et al.*," instituted by Grant County in 1935. At the foreclosure sale held on November 2, 1935, Grant County purchased all the real property included in that proceeding, and on August 28, 1939, conveyed to Robert Sproul the parcel of land involved in this suit. Plaintiff acquired by purchase from Sproul whatever interest he had in the timber on said land. Sproul was by order of the court made a party defendant because of his apparent interest in the property. He made no appearance and hereafter when we refer to the defendants he is excluded.

Defendants are co-partners doing business under the firm name and style of Blue Mountain Mills. They claim to be the owners of the real property in dispute by virtue of a quitclaim deed to them from James A. Fenton dated November 18, 1944. Fenton acquired

title to this land from the United States of America on August 20, 1907, and was the owner thereof when he deeded it to the defendants unless divested of title by the tax foreclosure proceeding.

The court decreed that defendants were the owners of the land in dispute, cancelled the deed from Grant County to Sproul, and enjoined plaintiff, his heirs and assigns, from claiming any right, title or interest in or to said land. The decree also directed the clerk to pay to plaintiff and to Sproul, respectively, $203.75 and $414.65, which had been deposited with the clerk by the defendants to reimburse them for the amounts paid by them for the land and the subsequent taxes thereon, with interest. From this decree plaintiff has appealed.

It was held in *Elliott v. Clement,* 175 Or. 44, 57, 149 P. (2d) 985, 151 P. (2d) 739, "that the court, in the case of *Grant County v. Arnold et al.,* was without jurisdiction to enter a decree, the sale on foreclosure to the county was absolutely void, the county acquired no title, and the plaintiff acquired no title from the county." What was said in that case is controlling here. The sale to Grant County of the land here in dispute was absolutely void and therefore Sproul, its grantee, acquired no interest in the land or the timber thereon which he could have sold or conveyed to the plaintiff.

It is, however, asserted by plaintiff that on June 13, 1936, Grant County entered into a contract with plaintiff to sell to him this tract of land; that thereafter, on January 15, 1938, he assigned the contract to Robert Sproul, reserving to himself the timber growing on the property; that upon the execution of the contract to purchase, plaintiff entered into possession of the

property therein described and was in possession thereof until he assigned the contract to Sproul; and that since such assignment "Sproul has been in the possession of and exercising ownership over the land itself and the plaintiff has been in the possession of and exercised ownership of and control over the said timber, so that ever since the year 1936 and for much more than three years continuously since said time, the plaintiff and his grantee, or those in privity with him, have been in the actual possession of the said real property and all thereof, including the said timber standing and growing thereon."

The short tax limitation statute which plaintiff refers to in his reply brief is § 69-845, Oregon Code 1930, and reads in part as follows:

"Every action, suit or proceeding which may be commenced for the purpose of determining the validity of a sale of lands for taxes, or to quiet the title against such sale or to remove the cloud thereof, or to recover the possession of lands so sold, or for which certificates of delinquency have been issued, shall be commenced within three years from the date of the sale for taxes by the sheriff, and not otherwise, except in cases where the assessment and taxes for which the land was sold or certificate issued had been paid before the sale, or the land redeemed after the sale, or the lands were not subject to taxation at the time the same were assessed".

The land involved in *Elliott v. Clement,* supra, was and at all times had been vacant and unoccupied and it was there stated that the foregoing statute did not apply, and that

"* * * Nothing in the case of National Surety Corporation v. Smith, supra, [168 Or. 265, 114 P. (2d) 118, 123 P. (2d) 203] conflicts with this view.

We there held that where the defect in the proceedings was a mere irregularity, and the court had jurisdiction to render the decree of foreclosure, the statute of limitations was available as a defense to the suit of the former owner. It so happened that the purchaser was in possession of the land, but the question whether possession was necessary to start the statute running was left open. Nothing, either in the opinion of the majority or in the specially concurring opinion of Mr. Justice Rossman, lends countenance to the view that the mere running of time could be effectual to deprive the owner of his property, in the case of a void decree of foreclosure and a void sale. Indeed, the original opinion in the case, which proceeded upon the theory that the sale was void, expressly held that the statute of limitations was not applicable.''

The irregularity encountered in the tax foreclosure proceeding on review in the National Surety Corporation case was the inclusion in the cost bill of an excessive amount. In *Elliott v. Clement* it was held that the court did not have jurisdiction to render the decree of foreclosure because the published summons was fatally defective.

*Frederick v. Douglas County,* 176 Or. 54, 155 P. (2d) 925, was decided subsequently to the two cases just referred to. It was a suit to remove the cloud of an alleged void tax sale from the title to real estate claimed by the plaintiff. Demurrers were filed by the defendants on the ground that it appeared from the complaint that the suit was not commenced within the time limited by § 110-920, O. C. L. A. This section was enacted in 1939 (L. 1939, ch. 485, § 20) and provides in part as follows: ''Every action, suit or proceeding, of whatever kind or nature, which may be commenced for the purpose of determining the validity of a sale of real property on foreclosure for delinquent taxes,

or to quiet title against such sale, or to remove the cloud thereof, or to recover possession of the property, shall be commenced within two years from the date of the judgment and decree of foreclosure and sale to the county, and not otherwise." It was held in that case that there were no jurisdictional defects in the tax foreclosure proceedings and that the plaintiff's suit was barred by the statute of limitation above quoted.

The last case decided by this court relating to tax foreclosure proceedings is *Lane County v. Bristow,* 179 Or. 653, 173 P. (2d) 954. Two suits were instituted by Lane County to quiet title to lands acquired by it through tax foreclosure proceedings. Darwin Bristow was a defendant in each suit and was the only defendant who appeared. The issues in each case being the same, except that they related to different properties, the cases were consolidated for trial and resulted in decrees for the plaintiff, from which Bristow appealed.

The trial court held that the defendant was barred from asserting the alleged irregularity in the foreclosure proceedings by the provisions of § 69-845, *supra,* as amended by § 6, chapter 470, Oregon Laws 1937, which limited the time in which to commence actions, suits or proceedings for the purpose of determining the validity of a tax sale to two years from the date of the sale. Defendant's answers, in which he asserted in court for the first time the invalidity of the sale, were not filed until nearly six years after the sales by the sheriff. It was contended by defendant that the statute was "not a true statute of limitations but a statute of prescription and not available as a defense, where, as in the present case, the purchaser at the tax sale has not been in possession of the land for

the full statutory period". In rejecting this contention the court said:

"While the question of whether a similar statute was prescriptive in character was left open, because unnecessary to the decision, in the case of National Surety Corporation v. Smith, 168 Or. 265, 287, 114 P. (2d) 118, 123 P. (2d) 203, the question has been now set at rest by Frederick v. Douglas County, 176 Or. 54, 155 P. (2d) 925, in which it was held that the former owners of property sold for taxes were barred by the two year statute of limitations from questioning the validity of the sale, notwithstanding there was no showing of actual possession of the property by the purchaser at the tax sale or its successors in interest for as much as two years. There is nothing in the language of the statute which would justify construing it as a statute of prescription rather than of limitation, and there is no valid constitutional objection to its application in a case where the foreclosure proceedings are free from jurisdictional defects. The distinction between that kind of a case and a case such as this, where the claimed defects are mere irregularities not going to the jurisdiction of the court, was pointed out in Elliott v. Clement, supra, 175 Or. at p. 44."

Section 69-845, Oregon Code 1930, on which plaintiff relies, was amended in 1937 by reducing the period in which actions, suits or proceedings might be brought from three to two years. Ch. 470, § 6, Oregon Laws 1937. This amendment became effective June 7, 1937, a little more than 19 months after the land in dispute was sold by the sheriff to Grant County and approximately one year after plaintiff claims to have entered into possession of it. It is the statute which was involved in the Bristow case. In 1939 the legislature repealed § 69-845, *supra,* as amended, (Ch. 485, § 23, Oregon

Laws 1939) and at the same time enacted the two-year statute of limitation (§ 20, ch. 485) referred to in *Frederick v. Douglas County.*

With the reduction of the limitation from three to two years other material changes were made by the legislature in relation to foreclosure proceedings. Any person having any interest in any of the lands sold to the county on foreclosure of any certificate or certificates of delinquency was given one year from the date of the sale of the land to the county in which to redeem the same. § 69-821, Oregon Code 1930, as amended by § 4, ch. 470, Oregon Laws 1937. It was further provided in the same section that the "sale of any land to the county, on foreclosure of liens for delinquent taxes, shall not affect the right of possession of said land during such period of redemption * * *." Section 69-845, *supra,* as amended, was expressly repealed by chapter 485, § 23, Oregon Laws 1939, and the provisions as to the one-year period of redemption and as to the possession of the property during that period were incorporated in §§ 11 and 15 of said chapter 485. Under the provisions of § 20 of that act every action, suit or proceeding involving the validity of a sale of real property on foreclosure "shall be commenced within two years from the date of the judgment and decree of foreclosure and sale to the county, and not otherwise."

The adjudicated cases are not in harmony as to the effect of a short statute of limitation on a tax deed shown to be void on jurisdictional grounds. In Oregon the three-year statute of limitation relating to tax foreclosure proceedings (§ 69-845, *supra*) has no application to a deed, void because of jurisdictional defects, in those instances where the lands are vacant and unoccupied. *Elliott v. Clement,* supra. Whether a dif-

ferent rule would apply in cases where the lands are occupied has not been directly decided, so far as we have been able to ascertain, by this court. On rehearing in *National Surety Corporation v. Smith,* supra, the majority opinion reviewed the earlier decisions of this court in which that statute was discussed and pointed out that in some of them it was intimated that a purchaser at a tax foreclosure sale might, if in possession of the land for the statutory period, acquire a prescriptive title thereto. The question, however, "whether possession was necessary to start the statute running was left open". *Elliott v. Clement,* supra.

We shall disregard the three-year statute (§ 69-845, Oregon Code 1930) for the reason that it was amended less than 20 months after the sale of the land by the sheriff to Grant County. Prior to its amendment plaintiff could not, even under his own contention, have acquired any vested rights in the property. Therefore, we shall direct our attention to the two-year statute of limitation and in our discussion shall not distinguish between the 1937 and the 1939 acts but shall treat them as one act.

■ In construing the two-year statute it is necessary to consider it in connection with the other provisions of the statute relating to foreclosure proceedings. They provide, as we have hereinbefore pointed out, that the owner shall have a year in which to redeem his property after it has been sold to the county and that during that period he is entitled to remain in possession thereof unless he commits waste. The two-year limitation starts to run from the date of the sale for taxes by the sheriff. The statute does not expressly or impliedly refer to possession of the land by the purchaser. It purports to apply to all sales whether the land is vacant or occupied. There is no necessary connection between

the possession of the land and the running of the statute.

In *Small v. Hull*, 96 Mont. 525, 32 P. (2d) 4, there was involved a statute of limitation similar to the ones here under discussion. After referring to the diversity of opinion in the different jurisdictions concerning the effect of such a statute, the court stated: "Under a statute such as ours, where the question of possession of the property covered by the tax deed is not provided for, the better reasoned cases hold that the issuance of a tax deed void for want of notice of application for the deed, does not start the running of the statute of limitations."

■ It is our conclusion that the two-year statute of limitation has no application in instances where the foreclosure sale and tax deeds are void because of "jurisdictional defects in the underlying proceedings", regardless of whether the land is vacant or occupied. The fact that the owner of the property is permitted to remain in possession of the land for one year after the sale thereof to the county, when considered in connection with the wording of the statute, forces us to the inevitable conclusion that the legislature did not consider that the limitation therein prescribed was referable in any way to the occupancy or possession of the land. We adhere to what was said in the excerpt hereinbefore quoted from the opinion in *Lane County v. Bristow*.

Plaintiff in his reply alleges that the defendants are not in court with clean hands and that they have not done equity. As the basis for such assertion it is alleged that defendants were negotiating with plaintiff for the purchase of the timber upon the property in dispute during the fall of 1944, shortly before they procured a quitclaim deed from James A. Fenton;

that the defendants, upon discovering the alleged defects in the tax foreclosure proceedings of *Grant County v. Edna Arnold et al.,* "conceived the scheme of acquiring said timber for a fraction of its actual value" and proceeded to contact Fenton and to procure a quitclaim deed from him for the sum of $100; and that having secured said deed, defendants "proceeded to ignore the plaintiff and went in and cut the timber as alleged in plaintiff's complaint." It is further alleged that defendants were attempting to acquire timber of the value of at least $5,000 for the $100 paid to Fenton.

■ When defendants filed their answer they paid to the clerk of the court the sum of $618.40 to reimburse plaintiff and Sproul for the amounts paid by them for the land and for taxes thereon, and accrued interest. After our decision in *Elliott v. Clement* the defendants learned that the plaintiff had no interest in the land and proceeded to purchase the same from Fenton. We see nothing inequitable in defendants' dealings with plaintiff or in their purchase of the land from Fenton.

The decree appealed from is affirmed.