Argued May 2, reversed June 20; petition for rehearing
denied October 3, 1950

## KEERINS BROTHERS *v.* MAUNEY ET UX.

219 P. (2d) 753
222 P. (2d) 730

*Harry G. Hoy,* of Portland, argued the cause for appellants. On the briefs were Hoy and Prag, of Portland.

*Roy Kilpatrick,* of Canyon City, argued the cause for respondent. With him on the brief was Robert D. Lytle, of Canyon City.

Before LUSK, Chief Justice, and BRAND, BELT, ROSSMAN and LATOURETTE, Justices.

BELT, J.

■ Plaintiff co-partnership, consisting of Bonham H. Keerins and Joseph M. Keerins, commenced this suit on August 25, 1947, to quiet title to a tract of land in Grant county, Oregon, consisting of 160 acres, alleging that it had acquired title by adverse possession thereof for a period of more than ten years prior to the time of the filing of the complaint. We agree with appellants that the suit should have been brought in the name of the persons constituting the partnership and not in the name of "Keerins Brothers"; but since there was no demurrer to the complaint on the ground that plaintiff has no legal capacity to sue, the point was waived. "Keerins Brothers" will be referred to in this opinion as plaintiffs.

The defendants answered, denying ownership in the plaintiffs and the allegations in reference to adverse possession. As a first affirmative defense defendants charge that when plaintiffs on January 3, 1944, purchased this property at a sheriff's sale from Grant county for $156.46, it was an admission that the plaintiffs had held adverse possession of this land only since the date of the above sale. As a second affirmative defense it is alleged in substance that plaintiffs ought to be estopped from asserting title to the property based on adverse possession by reason of having purchased the property from Grant county, thereby assuming a position inconsistent with their present claim of ownership.

As a cross-complaint the defendant G. Mauney alleges that his title to the property is clouded by a tax deed executed by the sheriff of Grant county, Oregon, dated November 2, 1935, and placed of record April 10, 1936, and by a further deed executed by the sheriff of

Grant county dated January 3, 1944, purporting to convey the real property to the plaintiffs. Defendant further alleges that the sheriff's deed to Grant county is "void and of no force or virtue whatever by reason of the fact that .it appears upon the face of the proceedings leading up to the tax sale upon which said deed is based that the Court ordering the sale of said real property, in an attempted foreclosure of a tax lien on said property, never acquired jurisdiction to foreclose the said tax lien upon the said real property by reason of the fact that the published summons, or notice of summons, in said suit did not comply with the mandatory statutes of the State of Oregon relating to said matter at the time of said summons, or notice of summons, was published in that it did not give the defendants named therein, including A. J. Harter, the then owner of said real property, the statutory time within which to appear and defend the action or pay the amount due." Defendant cross-complainant prays that the tax foreclosure proceeding be declared to be void and that the deed constituting a cloud upon his title be removed.

The reply of the plaintiffs denied the affirmative matter alleged in the answer and cross-complaint.

A hearing on the merits was had on August 9, 1948, and on June 8, 1949, a decree was entered that the plaintiffs are the owners in fee of the property in question and that defendants have no right, title or interest in and to the same. Prior to the entry of the decree but after the hearing on the merits, defendants on October 18, 1948, filed a motion seeking permission to file an amended answer and cross-complaint and also asking to have the hearing reopened "for the purpose of enabling the defendants to introduce such por-

tions of the judgment roll in the case of *Grant County v. Edna Arnold et al.,* as they, or their attorneys, shall deem necessary on the issue of whether or not the trial court in the said tax foreclosure proceeding ever acquired jurisdiction to enter a judgment or decree of foreclosure against A. J. Harter and/or Mildred A. Harter, husband and wife.'' This motion was denied in its entirety. From the decree adjudicating that the plaintiffs are the owners in fee of the property, the defendants have appealed.

■ We are convinced that the evidence does not support the allegations of adverse possession and that title in the plaintiffs can not be based thereon. *Linn County v. Rozelle,* 177 Or. 245, 162 P. (2d) 150; *Reeves et al. v. Porta et al.,* 173 Or. 147, 144 P. (2d) 493; note 170 A. L. R. 838. The land in controversy is part of a large tract of wild, mountainous land—for many years unfenced—unoccupied and upon which there have never been any buildings or other improvements. The land, which lies about a mile west of the south fork of the John Day river in eastern Oregon, is adapted only for grazing of livestock. The plaintiffs for many years have been engaged in the livestock business and own about 24,000 acres of land upon which livestock graze. For many years—from 1927 to 1935—plaintiffs paid rent on this land in controversy to A. J. Harter, the predecessor in interest of the defendant G. Mauney. The record discloses that in 1934 Harter leased it to the plaintiffs for a period of five years. Neither the defendants nor their predecessors have paid taxes on the land since 1930. In 1935 Grant county instituted tax foreclosure proceedings against a large number of tracts of land—including the property involved herein—and became the purchaser at the tax sale. After

this proceeding the plaintiffs paid no rent to Harter but leased the land from Grant county. The plaintiffs continued to use the land for grazing purposes and in 1944 purchased it from Grant county, paying therefor an amount representing delinquent taxes thereon. There was nothing in the manner in which the property was used by the plaintiffs to indicate to anyone a claim of ownership. In recent years plaintiffs constructed a fence on the western boundary of the land upon which their stock ranged, but it is noteworthy that within the enclosure there were parcels of land owned by other persons. Mr. J. M. Keerins on cross examination testified that there was never any claim of ownership of the property by the plaintiffs prior to the time it was purchased in 1944. The rental of the property by plaintiffs was inconsistent with the claim of adverse possession.

■ Plaintiffs do not rely on the tax deed obtained from Grant county in 1944 as a basis of title, and, indeed, they could not well do so for the reason that this court in *Elliott v. Clement,* 175 Or. 44, 149 P. (2d) 985, 151 P. (2d) 739, held the tax foreclosure proceeding in *Grant County v. Edna Arnold et al.,* covering this and many other parcels of land, void on account of the failure to publish summons in compliance with the statute. A. J. Harter was a party defendant in the above suit. If the court did not have jurisdiction in the tax foreclosure proceeding, Grant County Court acquired no title as a purchaser at the tax sale and, therefore, had no title which it could convey. *Kaneaster v. Welch, Jr. et al.,* 183 Or. 547, 194 P. (2d) 410.

■ It remains to be determined whether the defendant G. Mauney is entitled to have the tax deed in question removed as a cloud on his title. It is funda-

mental that he who seeks equity must do equity. Notwithstanding the deed from Grant county to the plaintiffs has no force or effect in that the tax foreclosure proceeding upon which it is based is void, it does not follow that the defendant Mauney can obtain the relief sought for the reason that he has failed to tender to the plaintiffs the amount paid by them to the county to cover delinquent taxes and the amounts paid by them for taxes on the land in question subsequent to its purchase, together with interest thereon. *Hibernia Commercial & Savings Bank v. McArthur et al.,* 121 Or. 413, 255 P. 466; *Bagley v. Bloch,* 83 Or. 607, 163 P. 425. Section 110-920, O. C. L. A., in so far as it is material herein, provides:

"* * * In every such action, suit or proceeding any person claiming to be the owner of the property, as against the county, or any person holding title from the county, shall pay into court with the first pleading the amount charged against the property in the judgment and decree of foreclosure, together with interest thereon at the rate of 6 per cent per annum from the date of such judgment and decree to the date of filing such pleading."

In 2 Pomeroy, Equity Jurisprudence (5th ed.) 77, § 393a, it is said:

"Equitable relief to remove a cloud, quiet title, restrain issuance of a tax deed, cancel a tax certificate, set aside a tax bill, or to determine title, as against a purchaser at an invalid tax sale, will not in general be given unless the owner pays or offers to pay what is justly due the purchaser."

At the commencement of the trail plaintiffs objected to the introduction of any evidence by the defendants challenging the tax title on the ground that defendants had made no tender to reimburse the plaintiffs for the amount paid to the county for taxes. The objection

should have been sustained. Defendants, in view of the record, are not in a position to assert that the court abused its discretion in refusing them the right to file an amended pleading wherein tender is alleged.

The decree of the circuit court is reversed and the suit dismissed without prejudice as to the defendants. Defendants are entitled to costs and disbursements.

### ON PETITION FOR REHEARING

*Robert D. Lytle* and *Roy Kilpatrick,* of Canyon City, for the petition.

*Hoy & Prag,* of Portland, contra.

Before LUSK, Chief Justice, and BRAND, BELT,* ROSSMAN, and LATOURETTE, Justices.

PETITION DENIED.

BRAND, J.

By a petition for rehearing the plaintiffs ask us to reconsider the portion of our former opinion wherein we held that the evidence does not support the allegations of adverse possession. Upon reexamination of the evidence we adhere to our former opinion upon that issue. This disposes of all assignments except the third which reads as follows:

> "The court erred in concluding that the plaintiffs do not rely on the tax deed obtained from Grant County and in stating that they could not because of the decision in Elliott v. Clement, 175 Or. 44, because Elliott v. Clement determined only the issues as to the land involved in that case. There is no showing in this record that jurisdiction was not obtained over Harter, defendant's predecessor."

---

* Died August 6, 1950.

Although substantially the entire case was based upon the plaintiffs' claim of title by adverse possession, it is nevertheless true that they did also assert that they were entitled to a decree quieting title by virtue of the fact that they were in possession of a sheriff's deed, valid on its face, and that such deed constituted prima facie evidence of title. Among the exhibits in the case there are two deeds. In the first, the sheriff of Grant county deeds to the county the land involved in the pending case. It is dated 2 November 1935. The deed recites that there was a "public sale of real estate held on the 2nd day of November A. D. 1935", pursuant to a real estate tax judgment and decree made and entered on the 21st day of October, 1935. It also recites that the land sold was formerly owned by A. J. Harter. The second deed, and the only one introduced by the plaintiff, is dated the 3rd day of January, 1944, and recites that the county of Grant acquired certain pieces of property by means of tax sales. There is no identification in the deed of the tax sale involved. The grantor is the sheriff of Grant county and the grantees are Keerins Brothers, the plaintiffs. The two deeds are the sole support for the plaintiffs' claim that they acquired a tax title to the premises in question. When the first deed was given to the county, O. C. § 69-828 was in effect. It provided, in substance, that sheriffs' deeds are prima facie evidence of title. It was repealed by the laws of 1939, Chapter 485. Plaintiffs also claim that the deed from the county to them is prima facie evidence of title by reason of O. C. L. A., § 2-407, which establishes a disputable presumption that official duty has been regularly performed. It was stipulated that A. J. Harter and wife were the owners of the land in question at the

time of the institution of a tax foreclosure suit entitled "Grant County v. Arnold"; that the lands which are involved in the pending suit were included in that foreclosure suit; that Harter was named a defendant in the foreclosure suit and that the foreclosure suit "purported to foreclose the tax lien against the land involved in this case." The plaintiffs' deed is valid only if the circuit court had jurisdiction in the case of *Grant County v. Arnold* to decree the foreclosure of taxes against the lands of Harter. In the pending case the defendant Mauney introduced a certified copy of the original summons in the case of *Grant County v. Arnold*. The summons shows upon its face that it was fatally defective. In *Elliott v. Clement et al.*, 175 Or. 44, 149 P. 2d 985, 151 P. 2d 739, this court considered the summons in *Grant County v. Arnold* and held that the court was without jurisdiction to enter a decree and that the sale pursuant to the decree was void.

■ Assuming that the plaintiffs' deed constituted prima facie evidence of title, our question is, whether such prima facie evidence has been overcome. The suit to foreclose taxes was a proceeding in rem. In *Elliott v. Clement*, supra, this court said that the purpose of the legislature was:

> "to point out clearly that in all foreclosures by a county the summons shall be served by publication, and the person appearing on the latest tax-roll shall be the defendant, and the proceedings shall be deemed in rem."

There is every reason to assume that the summons was served and the notice given exclusively by publication in one general notice as was provided in Oregon Code 1930, § 69-816. Since that notice was of no effect, it is reasonable to infer that Harter received no notice.

■■ The parties stipulated to a chain of title from the United States by mesne conveyances to A. J. Harter and wife, and from them to the defendant Mauney. The plaintiffs had the burden of proving that they acquired title through a tax foreclosure and subsequent conveyances to themselves. At the time of trial in the pending case, they knew that the proceedings based on the published summons were void and that the foreclosure decree could not have deprived Harter of his title unless by some strange and unusual procedure for which the statute made no provision, the county officials had served personal notice on Harter, or Harter had voluntarily entered a general appearance in answer to a void summons. The prima facie effect of a sheriff's deed in tax foreclosure proceedings based on publication of summons was, in our opinion, overcome when it appeared that Harter had good record title from the United States and that the publication of summons in the tax foreclosure was void. If the plaintiffs desired to show that A. J. Harter entered a general appearance in answer to a void summons, and if such had been the fact, they could have introduced the record showing such general appearance. Under the peculiar facts of this case, we hold that the plaintiffs, in relying solely upon the deed from the sheriff, have failed to sustain the burden of proof of title through tax foreclosure. The petition for rehearing is denied.