Ruth E. PEER, Plaintiff,

v.

Albert E. CLAREMONT, Defendant and
Third-Party Plaintiff,

v.

BENTON COUNTY, OREGON, a municipal corporation, Third-party
Defendant.

Civ. No. 9730.

United States District Court
D. Oregon.

Jan. 8, 1960.

Koerner Young, McColloch & Dezendorf, Wm. J. Moshofsky, Portland, Or., for plaintiff.

Hart, Spencer, McCulloch, Rockwood & Davies, Cleveland C. Corey, Portland, Or., John B. Fenner, Corvallis, Or., for defendants.

KILKENNY, District Judge.

The principal question to be decided in this case is the validity of a tax foreclosure proceeding prosecuted by Benton County, Oregon, in a proceeding which was commenced on March 23, 1939.

On August 4, 1927, a patent was issued from the United States to one William C. Stumberg, describing the following property in said Benton County:

"Lot 1 and the southeast quarter of the northeast quarter of Section 3 in Township eleven south of Range six west of the Willamette Meridian, Oregon, containing eighty-three acres and eighty-six hundredths of an acre."

This patent was not recorded until November 23, 1956, some twenty years after the last assessment which was the subject of the foreclosure.

This property was correctly described on the tax rolls of said county for the years 1934 to 1938 inclusive as the East Half of the Northeast Quarter of Section 3, Township 11 South, Range 6 W, and was assessed for those years and for several years prior thereto by Benton County. The taxes on the property were not paid for the years 1934 to 1937, inclusive, and on December 31, 1938, the Sheriff of said county filed with the County Clerk Certificate of Delinquency No. C–1851, which recited that the real property described as "Plat No. 3, Final Cert. No. 07593, cont. 83.86 acres in Section 3, Township 11, Range 6 W" in Benton County had been regularly assessed and that the taxes so charged had not been paid. That the name of the owner to whom the property was assessed was William C. *Stromberg*, and that taxes in the sum of $72.74 were due for *timber only*. This sum represented the taxes for said years, including penalty and interest. In March, 1939, said County commenced an action in its Circuit Court for the foreclosure of such certificate in which William C. *Stromberg was named*. The name of the owner and the description of the property set forth in the application for foreclosure was as follows:

"William C. *Stromberg*, timber on 83.86 acres in Section 3, Township 11 S., Range 6 W., Cert. C–1851 in amount of $72.74, taxes for years 1934, 1935, 1936, 1937."

The name and description in the published *summons* and in the other proceedings in the foreclosure were the same as in the application. William C. Stumberg died testate in Portland, Oregon, in December of 1946. He had not conveyed said property and said property was not mentioned in his will. If owned by him

at the time of his death, the property would go to his widow, Tekla, by virtue of the will's residuary clause. His widow died testate in October, 1955, and she had not conveyed the property prior to her death. This property was not mentioned in her will, but would go to her daughters, Jean Leaf and Ruth R. Peer, by virtue of the residuary clause. In December of 1927 Jean Leaf and her husband conveyed their interest, if any, in said real property to the plaintiff, Ruth E. Peer, and later executed an assignment to Mrs. Peer of all of their right, title and interest in and to any causes of action, rights or demands in connection with the cutting, removal and sale of the timber on said property. Stumberg was the owner of the real property and the timber located thereon at the time of the Benton County foreclosure and the plaintiff has now succeeded to any right, title or interest which Stumberg may have had in said real property or the timber located thereon.

Subsequent to the entry of the final judgment and decree in the foreclosure proceeding on July 10, 1939, the Sheriff of Benton County, pursuant to statute, executed a deed to Benton County to the timber on the property described in the foreclosure suit. On April 13, 1951, Benton County executed a timber deed to defendant Albert E. Claremont and his wife. Thereafter, between April, 1952 and September 1, 1952, said defendants Claremont cut and removed certain timber from said premises and this action is prosecuted by the plaintiff to recover double the value of such timber.

Plaintiff urges that the foreclosure proceeding is void for the following reasons:

(1) The Court never obtained jurisdiction for the reason that the name of the true owner of the property was not used in the published notice or in any part of the foreclosure proceedings; and

(2) The Court never acquired jurisdiction for the reason that the description in the published notice and other

foreclosure proceedings was fatally defective.

In passing on the questions involved, we must keep in mind that the defendant has not raised an issue of estoppel nor an issue on title by adverse possession, except insofar as the decree of foreclosure might serve as an estoppel.

■ 1. The validity of a tax foreclosure proceeding is governed by the statutory law in effect at the time of the foreclosure. Guthrie v. Haun, 159 Or. 50, 61, 76 P.2d 292; Murphy v. Clackamas County, 200 Or. 423, 428, 264 P.2d 1040, 266 P.2d 1065. Although the foreclosure proceeding was not completed until after Chapter 485, Oregon Laws, 1939, was in effect, such law, § 22, contained a provision continuing in effect the prior statute (Chapter 470, Oregon Laws, 1937) for the foreclosure of liens where the proceeding had been commenced, and such 1937 law would control in this case.

§ 2, Chapter 470, Oregon Laws, 1937, provides, in part, as follows:

"The name of the person appearing on the latest tax roll in the hands of the tax collector at the date of the first publication of such notice, as the owner of any property therein described, shall be considered and treated as the owner of said property, and each such proceeding shall be a *proceeding in rem* against the property itself."

■ These tax foreclosure laws were patterned after the laws of the State of Washington. Getchell v. Walker, 129 Or. 602, 278 P. 93; National Surety Corporation v. Smith, 168 Or. 265, 325, 114 P.2d 118, 123 P.2d 203. These statutes, as taken from the Washington Code, were initially enacted by the Oregon Legislature in 1907, Chapter 267. Decisions of the Supreme Court on the summary method of sale which was in vogue prior to 1907 are of no benefit under the statutes here in question. Under ordinary circumstances, when the statute of another state has been incorporated in the laws of Oregon, the inter-

pretation placed on the enactment by the court of last resort of the state from which the law was taken and made before its adoption in this state governs the construction to be placed on it in Oregon. Hoskins v. Dwight, 69 Or. 558, 139 P. 922; National Surety Corporation v. Smith, supra, [168 Or. at page 324, 123 P.2d at page 218;] Getchell v. Walker, supra. However, on the question of the statutory notice to be given to owners in tax foreclosure proceedings, the Oregon Supreme Court has not followed the decisions of the Washington Supreme Court. Murphy v. Clackamas County, supra, 200 Or. at pages 446, 447, [266 P. 2d at pages 1070, 1071.] Failure to comply with the statutory provisions that govern notice in a tax foreclosure proceeding renders the foreclosure decree void. Keerins Bros. v. Mauney, 189 Or. 651, 219 P.2d 753, 222 P.2d 730; Murphy v. Clackamas County, supra, [200 Or. at] page 448, [266 P.2d at page 1072.]

The provisions of the 1937 Act were construed in Murphy v. Clackamas County, supra, and it was there held that the name of the person who was listed on the latest tax roll as the owner of the property should be named in the published summons. We quote from that opinion [200 Or. 423, 266 P.2d 1070]:

> "We are convinced that the requirement for the inclusion in the published notice of the owner's name is intended to serve the same purpose as the other requirement that a description of the tax delinquent property must appear in the notice. Both requirements are intended to give notice to the tax delinquent owner and confer jurisdiction upon the court over the property. The law is not satisfied with merely gaining jurisdiction for the court; it aims to apprise the owner of the fact that a proceeding has been instituted for the foreclosure of the liens of taxes purportedly delinquent and that he may thereby be deprived of his property."

Stumberg and Stromberg are not idem sonans. Marx v. Hanthorn, 148 U.S. 172, 180, 13 S.Ct. 508, 37 L.Ed. 410; Hodgkin v. Boswell, 63 Or. 589, 127 P. 985. The failure to name Stumberg is a fatal defect.

2. The property was assessed on the Benton County tax rolls for the years in question as follows: The E½ of the NE¼ of S. 3, T 11 S, R 6 W., Willamette Meridian. Of course, there can be no dispute as to the validity of this description. The owner of the property was correctly shown on said tax rolls as William C. Stumberg. As previously mentioned, the property was described in the complaint, the amended complaint and the published notice or summons as follows: "Timber upon 83.86 acres in Sec. 3, Twp 11 S, R 6 W, Cert. C–1851."

Chapter 470, Oregon Laws, 1937, § 2 provides, among other things:

> "Thereupon the tax collector, with the assistance of the district attorney, shall proceed to foreclose in the name of the county the tax liens embraced in such certificate or certificates. In all foreclosures by a county, notice shall be given exclusively by publication in one general notice, *describing the property as the same is described on the tax rolls.*"

It is clear that the published summons did not describe the property as the same was described on the tax rolls.

When the statute prescribes the method of giving notice in a tax foreclosure proceeding, its provisions must be followed and provisions for service of summons by publication must be strictly pursued. Elliott v. Clement, 175 Or. 44, 149 P.2d 985, 151 P.2d 739.

The Washington statute on the subject was practically identical with the Oregon statute, the last mentioned statute providing, among other things:

> "That * * * summons may be served or notice given exclusively by publication in one general notice, describing the property as the same is described on the tax rolls."

In Moller v. Graham, 101 Wash. 283, 172 P. 226, 228, the question presented was whether a description in the published notice which was not the same as the one used on the tax rolls would give validity to a tax foreclosure decree. In passing on the question, the Washington Supreme Court said:

"The statute having required that the property shall be 'described in the summons the same as described on the tax rolls,' it necessarily follows that there must be at least a substantial compliance with such provision, since it is by virtue of the summons that the court acquires jurisdiction to hear and determine the cause. True the proceeding is one in rem, yet it is essential that jurisdiction of the res be acquired in the method prescribed by the statute, otherwise the owner is deprived of his property without due process of law."

Furthermore, I am of the belief that the description used in the published summons was not sufficient to identify the property or pass title. Aside from the fact that the description in the published notice did not follow the description on the tax rolls, there is another problem which is presented by the record. The application for foreclosure, the amended application, the published notice and other documents in the foreclosure proceedings refer to the property as "timber on 83.86 acres in Sec. 3, Twp 11 S., R 6 W, Cert. C–1851." There is nothing in the record to locate the 83.86 acres, nor is there anything to identify or advise the court on the meaning of "Cert. C–1851." Even if the record was clear that this intended to refer to the Certificate of Delinquency issued to Benton County, No. C–1851, we there find a description, "Plat No. 3, Final Cert. No. 07593." In the acres column is "83.86." In the Sec. column is "3." In the Township column is "11," and in the Range, W. R. W. column is "6." There is nothing in the record to show what is meant by Plat No. 3, Final Cert. No. 07593, although a plat has been introduced in

evidence which has the following identification, "Plat No. # 2 ." No one could

3116–1

tell from looking at this particular exhibit (No. 9) whether this was intended to be Plat No. 3 or Plat No. 2. There is no evidence that this was the plat which was referred to in the Certificate of Delinquency.

Although we must be governed by the rule that the description of real property is to be determined by whether a surveyor can, with deed or other instrument before him, with or without the aid of extrinsic evidence, locate the real property and establish the boundary, Bogard v. Barhan, 52 Or. 121, 96 P. 673; Templeman v. Leigh, 130 Or. 24, 278 P. 989; Gubser v. Town and Stoutenburg, 202 Or. 55, 273 P.2d 430, we must also recognize that if no testimony has been introduced to show that the property could be located by a surveyor, we must take the description as it stands. If it is insufficient, all proceedings based thereon are void and of no force or effect. Sellards v. Malheur County, 202 Or. 188, 272 P.2d 975; Mary M. Miller & Sons v. Daniels, 47 Wash. 411, 92 P. 268; Holland v. Billingsley, 208 Md. 635, 119 A. 2d 380.

Defendant cites Clatsop County v. Taylor, 167 Or. 563, 119 P.2d 285, in support of the sufficiency of the description. That case is readily distinguishable on two grounds: (1) that taxpayer made a general appearance in the foreclosure suit and made a general attack on the assessments. On this point the Court held that such an appearance would eliminate any defects which might be in the published notice; and (2) witnesses were called who testified as to the meaning of the exceptions in the description. 167 Or. at pages 587, 591, 592, 119 P.2d at pages 295, 297. Of course, there is no such identifying testimony in this case.

The cases on which the defendants rely are based on mistakes in tax assessment procedure, as distinguished from a mistake in the foreclosure procedure, such as is here involved. In the

present case the assessment, both as to name and as to description, was correct. In other words, the owner of the property was correctly named and the property was correctly described on the assessment rolls. The first mistakes occurred in the inception of the foreclosure proceedings. Both the statutes and judicial decisions require a very liberal treatment of mistakes or omissions in the assessment rolls. If this was not the rule, taxpayers would be continually attacking the validity of such assessments. An entirely different rule is applied when the municipal authority commences proceedings to deprive the taxpayer of his property. In such case, there must be a substantial compliance with each statutory requirement. Elliott v. Clement, supra; Moller v. Graham, supra; Murphy v. Clackamas County, supra.

The case of Frederick v. Douglas County, 176 Or. 54, 155 P.2d 925, is distinguishable. The property in that case had a technical metes and bounds description. It was described in the foreclosure as, "Vol. 7, Pg. 453, D & Vol. 89, Pg. 124, D, Bushey's Add., Roseburg." The court pointed out that under the statute the assessor was permitted to refer to the book and page of the deed where the description was one of metes and bounds, and that the reference sufficiently indicated that the assessor was referring to the volume and page of the deed records to the land within the designated addition. I do not believe that anyone could interpret and define the language in the case at bar without the aid of extrinsic evidence.

■■■■ By reason of the defective description in the notice and other foreclosure proceedings the Court did not acquire jurisdiction. This jurisdictional defect appeared on the face of the record. In such case the decree of foreclosure is void and is subject to collateral attack. Elliott v. Clement, supra; Frederick v. Douglas County, supra.

■■■■ The plaintiff did not tender into court with the first pleading the amount charged against the property in the judgment and decree of foreclosure, together with interest, as required by ORS 312.230. The Oregon Supreme Court in Keerins Bros. v. Mauney, supra, indicates that there is a discretion in the court on whether to permit a compliance with the statute at a later time in the proceeding. The tender in this case was made by plaintiff long prior to the lodging of the amended pre-trial order and one of the provisions of this order is that it supersedes the pleadings. I feel that the Supreme Court of Oregon in deciding the Keerins case was acting as a court of equity and invoked the equitable maxim that "he who seeks equity must do equity." [189 Or. 651, 219 P.2d 755] This is an action at law, not a suit in equity. Furthermore, I am of the opinion that any defect which may have existed was remedied by the tender. We have a problem which is analogous to the failure to file a certificate of assumed trade name. ORS 648.090. In other words, the tender would only affect the qualifications of the party to sue and would not affect the statement of the cause of action. Such being the case, the question should be raised by way of plea in abatement. Beamish v. Noon, 76 Or. 415, 419, 149 P. 522; Schucking & Co. v. Young, 78 Or. 483, 494, 153 P. 803; Rowland v. National Reserve Insurance Co., 118 Or. 139, 246 P. 210.

The Court will require a conference between counsel for the respective parties to outline the issues on damages to be inserted in a supplemental pre-trial order.