Charlotte A. BAUER

v.

UNITED STATES.

No. 105–55.

United States Court of Claims.

Dec. 3, 1958.

Frederic Gilbert Bauer, Boston, Mass., for plaintiff.

Robert Livingston, Silver Spring, Md., with whom was Asst. Atty. Gen. Charles K. Rice, for defendant. Messrs. James P. Garland and Lyle M. Turner, Washington, D. C., were on the brief.

MADDEN, Judge.

The plaintiff sues to recover a part of the income taxes which she was required to pay for the year 1947. She claims that she incurred a loss in the sale of certain property in that year, and that the Government did not permit her to take as large a deduction as she was entitled to for the loss.

The property in question was a one-fourth undivided interest in 180 shares of stock in a corporation which owned an apartment building which it operated on a cooperative basis. Under this system of operation, the owner of an adequate number of shares in the corporation was entitled to a lease of a designat-

ed apartment, at a yearly rental of one dollar, so long as he continued to be the owner of the shares. The expense of operating the apartment was assessed against the tenants in proportion to the size of their apartments.

The plaintiff acquired a one-sixth interest in the stock and the accompanying lease by devise from her father who died in 1932, and an additional one-twelfth interest from another source at about the same time, she thus having, from the two sources, a one-fourth interest. This interest was subject, however, to an outstanding life estate in the plaintiff's aunt, the widow of Benjamin Aycrigg who had been, so far as the plaintiff's family connections were concerned, the original owner of the stock and the lease. The aunt who was the life tenant died in 1946 and then for the first time the plaintiff's interest became a present interest.

The plaintiff never had any intention of occupying the apartment and could not, of course, have done so except by arrangement with the other owners of undivided interests. The stock and the accompanying lease were sold in 1947 by the plaintiff and the other owners to a purchaser satisfactory to the corporation which owned the apartment house. The plaintiff received as her one-fourth share of the sales price $2,881.44. She claims, that her basis for the property was $5,-000 plus $132.23 of sales expense, and that her loss was, therefore, $2,250.79.

Section 113(a) (5) of the Internal Revenue Code of 1939, 26 U.S.C. 1952 ed. § 113, provides that when property is acquired by bequest, devise or inheritance the basis shall be the fair market value of the property at the time of such acquisition. Treasury Regulations 111, promulgated under the Internal Revenue Code of 1939, provide in section 29.113 (a) (5)–1 (c) that the value of property at the death of the decedent as appraised for the Federal estate tax "shall be deemed to be its fair market value at the date of acquisition."

When the plaintiff's father died in 1932 he owned a one-third interest in the property in question. That one-third interest was appraised, for estate tax purposes, at $3,000. He devised one-half of his one-third interest, i. e., a one-sixth interest, to the plaintiff. Its value, then, would have been $1,500. As we have said, at about the same time she inherited another one-twelfth interest. Its value would have been $750, making a total value of $2,250 for the plaintiff's interest. If we add the $132.23 of sales expense we get a basis for the property in the hands of the plaintiff of $2,382.83. Since she received $2,881.44 for the property, she did not incur a loss. The Government allowed her a loss deduction of $968.74. She has no cause to complain.

As we have said, the plaintiff claims a basis of $5,000, plus the $132.23 sales expense. The $5,000 figure is taken by the plaintiff from the appraisal of $20,-000 which was made of the entire interest in the shares and lease when the plaintiff's uncle, Benjamin Aycrigg, died in 1925. That valuation is irrelevant, because the plaintiff did not acquire the property from her uncle Benjamin. Benjamin devised the property, subject to a life estate in his widow, to his brothers and sisters "living at my death." The plaintiff's father was a brother of Benjamin living at Benjamin's death, hence the further provision in Benjamin's will giving a share to issue of brothers and sisters who predeceased Benjamin gave nothing to the plaintiff. She acquired the property from her father, and the appraisal for the purposes of his estate tax is the relevant appraisal.

What we have said disposes of the case. The parties have, however, discussed at length the question whether, if there was a loss, it was a fully deductible loss, or a capital loss, deductible only to a limited extent. We shall comment briefly on that question.

Section 23(e) of the Internal Revenue Code of 1939, 26 U.S.C. § 23(e), provides for the deduction from net income of losses incurred by the taxpayer. Section 23(g) says that losses from sales or exchanges of capital assets shall be al-

lowed only to the extent provided in section 117. Section 117(a), 26 U.S.C. (1946 ed.) § 117, provides:

"(1) *Capital assets.* The term 'capital assets' means property held by the taxpayer (whether or not connected with his trade or business), but does not include stock in trade of the taxpayer or other property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year, or property held by the taxpayer primarily for sale to customers in the ordinary course of his trade or business, or property, used in the trade or business, of a character which is subject to the allowance for depreciation provided in section 23(*l*), * * * or real property used in his trade or business; * * *."

The plaintiff claims that the property in question fell within the language "property, used in the trade or business, of a character which is subject to the allowance for depreciation provided in section 23(*l*)." The plaintiff says that this property was subject to allowance for depreciation because it was a lease. The principal property was the stock in the corporation, the ownership of which stock was a prerequisite to the getting or keeping of a lease on an apartment. Shares of stock in a corporation are not a depreciable asset. As to the lease itself, we assume that it could be segregated from the stock, and that it was a depreciable asset. We pass the question whether the plaintiff, in fact, ever held the property for rental, and consider the question whether one who owns and rents property, and ultimately sells it at a profit or a loss, is disposing of a capital asset. The statute, quoted above, says that he is not disposing of a capital asset if the property is "property, used in the trade or business, of a character which is subject to the allowance for depreciation", etc.

The test would seem to be whether the property is used in the taxpayer's trade or business. If one's trade or business is that of keeping store, or operating a bank, and he owns and rents out a house, the renting of the house and the collection of the rent, though he engages in them for profit, are not *his* trade or business, any more than the buying and selling of corporate shares are his trade or business, when in fact his trade or business is something else.

The plaintiff, fairly enough, cites certain decisions of the Tax Court of the United States which support her contention. See Fackler v. Commissioner, 45 B.T.A. 708; Crawford v. Commissioner, 16 T.C. 678; Hazard v. Commissioner, 7 T.C. 372, among others. The United States Court of Appeals for the Sixth Circuit affirmed the Fackler decision, 133 F.2d 509, but only after looking carefully at the extent of the taxpayer's activities, through agents, in the care and management of the rented property, which was a business building. With due respect for the Tax Court, we think that whether a taxpayer's renting of property is *his* trade or business is a question of fact, just as whether the sale of lots is in the ordinary course of his trade or business, is a question of fact.

Stated differently, the question is whether the taxpayers' activities, personally or through agents, in connection with the property, are so extensive as to rise to the stature of *his* trade or business. See Garrett v. United States, 120 F.Supp. 193, 128 C.Cl. 100; McConkey v. United States, 130 F.Supp. 621, 131 C. Cl. 690; Gordon v. United States, C.Cl., 159 F.Supp. 360.

The plaintiff's petition will be dismissed.

It is so ordered.

McLAUGHLIN, District Judge, sitting by designation.

JONES, Chief Judge, and WHITAKER, Judge, concur.