## McMAHON *v.* STATE TAX COMMISSION

George W. Mead, Portland, argued the cause and filed a brief for plaintiff.

Alfred B. Thomas, Assistant Attorney General, Salem, argued the cause and submitted a brief for defendant.

Decision rendered for plaintiff July 7, 1964.

PETER M. GUNNAR, Judge.

This is a suit to set aside defendant's Opinion and Order No. I-63-45, which denied plaintiffs special treat-

ment of capital gains realized by plaintiff Linus T. McMahon upon his sale of a parking lot in Portland, Oregon, in the tax year 1960.

Defendant denied special capital gain treatment because it found that the parking lot which Mr. Mc-Mahon sold was real property used in his trade or business and, therefore, ineligible for special treatment under ORS 316.408(2). Plaintiffs contend that the gain realized upon such sale was entitled to special capital gain treatment because the property was not an asset used in Mr. McMahon's trade or business and further because the legislature intended to exclude rental real property from the operation of the 1959 act, as later it expressly did by a 1963 amendment.

■■■ "Real property used in his trade or business" is a term of art. Prior to Oregon's adoption of special treatment for certain capital gains, this phrase also used in federal tax law had been construed in numerous federal cases. Federal interpretation of like statutory language is not necessarily binding. But Oregon's use of a tax term which federal courts and agencies previously have construed and defined generally carries into the Oregon law the construction placed upon that phrase by federal judicial and administrative tribunals. *Pac. Supply Coop. v. State Tax Com.*, 224 Or 556, 560, 356 P2d 939 (1960) ; *Powrie v. Commission,* 1 OTR 13 (1962). When the Oregon Legislature excludes from special capital gains treatment the sale of property used in the taxpayer's trade or business, the plain meaning of such language is its previously established federal definition. It is not a court's function to construe statutory language which has a plain and established meaning, whether by common usage, established judicial construction, or its technical application. *Field Emission Corp. v. Commission,* 1 OTR

243 (1962). By its use of the phrase "property used in his trade or business" the legislature established its meaning.

In a subsequent amendment the legislature may modify the effect of its own clear language. Such amendment does not interpret legislative intent in the prior use of words or phrases having an established meaning. The 1963 amendment of ORS 316.408(2) which allows special capital gain treatment for "property which has been rented or held for rental purposes by the seller for a period of not less than two years prior to the date of sale" cannot be construed as legislative interpretation of the phrase "property used in his trade or business" in the 1959 act.

Prior to 1959, the federal courts determined that the rental of real property is a trade or business. But they split on the extent of real property renting required to establish a taxpayer in that trade or business. The Tax Court of the United States follows the rule that the rental of a single piece of property constitutes a trade or business. *Leland Hazard,* 7 TC 372 (1946). The Court of Claims holds that the essential issue is one of fact, turning on whether the taxpayers' activities, personally or through agents, are so extensive as to rise to the status of his principal trade or business. *Bauer v. United States,* 144 Ct Cl 308, 168 F Supp 539, 2 AFTR2d 6191 (1958). The Second Circuit Court of Appeals takes the middle ground and holds that the issue is one of fact, but that a taxpayer could be in two or more trades or businesses. *Grier v. United States,* 120 F Supp 395, 45 AFTR 1975 (DC Conn, 1954), *aff'd per curiam,* 218 F2d 603, 46 AFTR 1536 (1955).

In its small claims division this court has faced this problem in a number of cases. It has adopted the

middle ground of the Second Circuit Court of Appeals. Upon further review, it still finds the reasoning of that circuit impelling.

■ The case turns on the extent of the taxpayer's management activity and his general activity in renting real property. Where little activity is necessary to realize rental income from the real property sold and where the taxpayer expends little effort in obtaining, managing, and selling similar rental property, he is not engaged in a trade or business. His real property is an investment only. On the other hand, where the taxpayer's activity is reasonably continuous in managing and renting the property sold and where he has a sufficient number of units to require his continuous and substantial interest and activity, the property is more than a mere investment. The taxpayer is in the trade or business of renting real property.

Thus, this case turns on its facts.

Mr. McMahon is 65, his wife 63. Their eleven-year marriage is the second for each of them. To it, each brought separate property which they have kept separate. Except for the year in question, they filed separate tax returns.

During the past fifteen years Mr. McMahon was employed at the First National Bank and later as a "floor walker" at Meier & Frank Co., except during periods of illness. Prior thereto he operated parking lots. He owned two of these lots, one of which is the property in controversy.

Management of Mr. McMahon's parking lots required little time or attention. Improved only by blacktopping, they were leased by operators. Occasionally, the blacktopping needed repair. Otherwise, his only

management activity was collecting his rent. He did not participate in the parking business.

In 1960, he sold the lot in controversy and later he entered a long-term lease on the other for the erection of a store building.

Mrs. McMahon also owned two parking lots, which she had inherited from her first husband. She too leased them to operators. They were her separate properties and required little management.

Defendant claims that plaintiffs' ownership of a total of four parking lots puts them in the trade or business of owning and leasing parking lots. Conceivably, there could be a trade or business of owning and leasing parking lots. But such lots require so little management and supervision that more than two lots usually would be required to establish a trade or business.

When it considers the activity required of Mr. McMahon in managing his parking lots, the small number of them, plaintiffs' ages, the origins and separation of their parking lot ownerships, and Mr. McMahon's other employment and general health, this court concludes that plaintiffs are not in the trade or business of leasing parking lots. Mr. McMahon's sale of one of his two lots in 1960 was not a sale of property used in his trade or business and he is entitled to special treatment of his capital gain from its sale.

Plaintiffs shall prepare a decree in accordance with this decision setting aside defendant's additional assessment against them for 1960 and allowing plaintiffs their costs and disbursements.