## YUNKER v. STATE TAX COMMISSION
## WIECKS v. STATE TAX COMMISSION

Robert G. Chidester, Portland, argued the cause for plaintiff and filed a brief for plaintiff.

Gerald F. Bartz, Assistant Attorney General, Salem, argued the cause and submitted a brief for defendant.

Decision for defendant rendered June 28, 1965.

EDWARD H. HOWELL, Judge.

This is a suit to set aside an income tax deficiency assessed against plaintiffs for the year 1961. The cases were consolidated for trial and decision.

Plaintiffs, C. R. Yunker and Hugo H. Wiecks, as partners, owned the Crooked River Ranch in Wasco County. The ranch was sold in 1961 and the defendant

disallowed the capital gain on the sale taken by the plaintiff, Yunker, on the grounds the ranch was used in the trade or business of the plaintiff. ORS 316.408 (2).①

During the years 1956, 1957 and 1958 the plaintiffs, on their state partnership returns, deducted certain sums as depreciation on permanent pasturage. This was disallowed on the federal returns but was not questioned by the state. The plaintiffs now contend that this depreciation taken should not be considered in the sale on the 1961 state return because they were not entitled to it in the first instance.

■ The first issue is whether the depreciation on pasture claimed and allowed on the state partnership returns should be added to the gain realized on the sale of the ranch. Plaintiffs' position that it should not is completely inconsistent. For three years they claimed, deducted, and were allowed this depreciation on their state income tax returns and then when the ranch is sold and the years in question closed to audit they contend that the depreciation deduction was improper and should not be considered in determining the basis on the sale. ORS 316.270 (2)(b) states that the basis of the property on a sale will be adjusted by the amount "actually allowed" for depreciation on returns to the state of Oregon. In addition, under certain circumstances, pasturage depreciation may be allowed. *Johnson v. Westover,* 48 AFTR 1671, 55-1 USTC ¶ 9423

① "ORS 316.408 'Capital asset' defined. For the purpose of ORS 316.408 to 316.450, 'capital asset' means property held by the taxpayer (whether or not connected with his trade or business), but does not include:
"* * * * *
"(2) Property, used in his trade or business, of a character which is subject to the allowance for depreciation provided in ORS 316.335, or real property used in his trade or business.
* * * * *"

(1955). The defendant tax commission was correct in adding the depreciation to the gain realized on the sale.

The second issue is whether the defendant was correct in disallowing a capital gain on the grounds that the ranch was used by plaintiffs, Yunker, in their "trade or business" and, therefore, ineligible for special treatment. ORS 316.408 (2) *supra.* This issue is not present in the *Wiecks* case.

Both parties cite and rely upon *McMahon v. Commission,* 2 OTR 15 (1964). There the court stated:

> "The case turns on the extent of the taxpayer's management activity and his general activity in renting real property. Where little activity is necessary to realize rental income from the real property sold and where the taxpayer expends little effort in obtaining, managing and selling similar rental property, he is not engaged in a trade or business. His real property is an investment only. On the other hand, where the taxpayer's activity is reasonably continuous in managing and renting the property sold and where he has a sufficient number of units to require his continuous and substantial interest and activity, the property is more than a mere investment. The taxpayer is in the trade or business of renting real property."

This case, like the *McMahon* case and *Grier v. United States,* 120 F. Supp. 395 (DC Conn 1954), 45 AFTR 1975, depends on the facts.

The plaintiff is involved in many different enterprises including logging, milling, sand and gravel and ranching. The ranch involved here consisted of 18,000 acres and was operated by a manager. Plaintiff visited the ranch approximately once per week. While there he would hunt and fish but if there were managerial

problems the plaintiff and the manager would settle them. Sometimes the trip lasted only a few hours and other times he would spend two or three days. The manager was in charge of hiring and releasing employees and approved the bills for payment by plaintiff.

■ It is this courts conclusion that the ranch constituted a trade or business of the plaintiff and that it was not entitled to the special capital gains treatment. It was operated by an agent for the plaintiff; he was on the premises an average of once per week; he discussed and decided the general ranch problems. He was there as much as his other interests would permit. He had a "continuous and substantial interest and activity" in the ranch (*McMahon v. Commission, supra*) and it was more than a mere investment.