## NORMAN v. STATE TAX COMMISSION

Garthe Brown and Robert Chidester, Portland, argued the cause and submitted a brief for plaintiff.

Gerald F. Bartz, Assistant Attorney General, Salem, argued the cause and submitted a brief for defendant.

Decision for defendant rendered December 27, 1965.

EDWARD H. HOWELL, Judge.

Plaintiff filed this suit to set aside an assessment of additional personal income taxes for the year 1961.

The plaintiff sold certain real property in 1961 and claimed special treatment of capital gains. The defendant commission denied the special treatment and plaintiff filed suit in this court.

The parties stipulated the facts as follows:

"Plaintiff, Alva May Norman, is a single person. * * * She is a semi-invalid and is immobile without the use of crutches.

* * * * *

"Plaintiff is the owner of numerous parcels of real property, * * *. None of these properties have been leased to a third party, except on a rental basis. The rents produced by these properties have been for many years the chief source of income to plaintiff.

"Plaintiff has employed a resident manager, or has caused a tenant to act in the capacity of a resident manager, for each of the properties owned by her. Each of the managers had authority to rent the property which he managed, terminate tenancies, contract for routine repairs and generally perform those acts which apartment managers perform in the normal course of their employment.

"Plaintiff inspected the properties owned by her on an average of once each week or ten days, health permitting. Otherwise, she inspected the properties and consulted with the managers less frequently. For example, during the period June 1955, through March 1956, she became ill and her inspections of the properties averaged one inspection each month. On another occasion she was confined to the hospital for a period of four months, during which period of time she performed no activities in relation to the properties. She was the final authority for all major repairs, except that in emergency situations, the managers employed by her had the authority to contract for major repairs. Plaintiff paid all bills relating to the properties. She maintained accounts at the offices of the local newspapers and caused the properties to be advertised for rent if vacancies occurred. Other activities of plaintiff in connection with the properties owned by her consisted of advising the managers from time to time on various and sundry matters, as requested.

"Plaintiff purchased the property in question * * * during calendar year 1943. She purchased the property 'with the thought in mind that as the City of Portland grew, it would grow in the direction where the property was located which would necessarily increase such property's value and I could later sell the property at an opportune time for a substantial profit.'

"The building located on the property, as at the date of purchase, consisted of a number of

housekeeping rooms. Plaintiff rented these housekeeping rooms after acquiring the property. At a later date, plaintiff, after being advised by the City of Portland that the plumbing of the building was insufficient to permit the continued renting of housekeeping rooms, remodelled the building and converted it to an apartment house consisting of six apartments. Plaintiff employed a manager for the property and the manager had the same authority in relation thereto as had the managers of plaintiff's other properties.

"Plaintiff's activities in relation to the property were generally the same as the activities performed by her in relation to the other properties owned by her, with the exception that her inspections of the property and consultations with the manager were less frequent. This was occasioned partly by reason of the distance of the property from the other properties owned by her and partly by reason of the fact that she did not consider the subject property to be 'rental income producing property' and her only concern was that the property generated sufficient income to carry itself while being held by her. The manager of such property was authorized to advertise vacancies but requested that the plaintiff do so, for plaintiff maintained the newspaper accounts and 'worded things better' than did the manager.

"Plaintiff sold the property in question in calendar year 1961 * * *. The gain derived from the sale was treated as a capital gain and reported for special treatment pursuant to ORS 316.405 to 316.450. Defendant, on audit, disallowed the special capital gains treatment claimed by plaintiff on the ground that the subject property was used by plaintiff in her trade or business. Plaintiff contends that the subject property constitutes an investment."

The defendant commission disallowed the capital gains treatment claimed by plaintiff on the grounds

that the property was used in the plaintiff's trade or business.

At the time material herein ORS 316.408 provided in part:

"ORS 316.408. 'Capital asset' defined. For the purpose of ORS 316.408 to 316.450, 'capital asset' means property held by the taxpayer (whether or not connected with his trade or business), but does not include:

\* \* \* \* \*

"(2) Property, used in his trade or business, of a character which is subject to the allowance for depreciation provided in ORS 316.335, *or real property used in his trade or business.*" (Emphasis supplied.)

The issue of whether the property was an investment only and thus entitled to special capital gains treatment or whether the property was used in the taxpayer's trade or business was discussed in *McMahon v. Commission,* 2 OTR 15 (1964). This court stated:

"The case turns on the extent of the taxpayer's management activity and his general activity in renting real property. Where little activity is necessary to realize rental income from the real property sold and where the taxpayer expends little effort in obtaining, managing, and selling similar rental property, he is not engaged in a trade or business. His real property is an investment only. On the other hand, where the taxpayer's activity is reasonably continuous in managing and renting the property sold and where he has a sufficient number of units to require his continuous and substantial interest and activity, the property is more than a mere investment. The taxpayer is in the trade or business of renting real property."

See also, *Yunker v. Commission,* 2 OTR 168 (1965).

The plaintiff concedes that under the *McMahon* and *Yunker* decisions she was engaged in the trade or business of renting real property. However, plaintiff argues that the property involved in this case, while it was providing rental income for the plaintiff, was nonetheless investment property.

■ Plaintiff concedes that her activities in relation to the property in question were generally the same as her activities in relation to the other properties. As the court understands the stipulation, it is agreed that all of the several properties owned by plaintiff were being rented. The argument that the subject property was considered as investment property could apply with equal force to all the other rental property. It is not inconceivable that the other property in addition to producing rental income for plaintiff could also be sold for a substantial profit. This does not alter the fact that under ORS 316.408 and the *McMahon* case the plaintiff is in the general trade or business of renting real property and therefore the subject property is not entitled to a special treatment of capital gains.